T. PIERSON vs. B. GALE and W. J. JOHNSON.

If a judgment be paid on the issuing of the first execution, and the execution surrendered to one of the debtors as evidence of such payment, and he, by advice of a stranger, sue out a second execution, and arrest and commit another joint debtor in the same execution, without the knowledge or consent of the creditor, such debtor and stranger are trespassers.

If there be no fatal irregularity in the proceedings of a court of competent jurisdiction, however erroneous they may be, all acts done in obedience to their precept will be justified, unless the party act maliciously and without probable cause, and then the remedy is by special action on the case.

This was an action of trespass for false imprisonment alleged against the defendants.

ORLEANS,
March,
1836.

Pierson
vs.
Gale et al.

In the county court, defendants pleaded *not guilty*, with notice.

On trial, it appeared that in May, A. D. 1833, one Zebulon Lee, of Barre, in the county of Washington, recovered judgment in his favor against the plaintiff and the defendant, Johnson, before Stephen Freeman, a justice of the peace for said Washington county; and that execution issued thereon, and was delivered to the sheriff of Orleans county, to be executed.—That in July, A. D. 1833, and within the life of the execution, in consideration that said Johnson discharged said Lee in respect to another suit then pending between them, Lee agreed to discharge said execution, and accordingly took it back from the sheriff, delivered it up to said Johnson, meaning thereby to relinquish and discharge all claim under said judgment no execution : but no written discharge was entered on the execution, or even signed by said Lee. In September, A. D. 1833, an alias execution issued, and the plaintiff was committed to jail thereon, which was the trespass complained of.

The evidence tended to show, that the defendant, Gale, with the privity and consent of said Johnson, returned said original execution to said justice Freeman—took out the alias, and caused the plaintiff to be committed thereon; and that said Gale was previously well acquainted with said settlement between Lee and Johnson.

There was also evidence tending to show that said Lee did not authorize the taking out of said alias execution ; but that the same was procured without his knowledge.

The defendant contended, that as no satisfaction or discharge of said judgment, or first execution, appeared of record, the alias execution was a legal protection to them against this form of action.

But the court instructed the jury, that if they found the first execution actually settled between Lee and Johnson, and given up to the latter as satisfied and discharged—that this was known to both these defendants at the time ; and that afterwards, without the knowledge, direction or consent of Lee, the defendants procured the alias execution, and caused it to be put in force against the plaintiff, they were both liable in this action : But if they found all these facts established as to one defendant only, they would find him guilty, and acquit the other : And if said facts were not all established against either defendant, they should acquit them both.

Verdict and judgment against both defendants. To which decision and charge, defendants excepted. Exceptions allowed and certified.

The case was argued by *Starkweather* for plaintiff, and by *Cooper* for defendants.

ORLEANS,
March,
1826.

Pierson
vs.
Gale et al.

The opinion of the court was delivered by

REDFIELD, J.—The question to be determined here is, how far final process, sued out after the judgment had been paid, but not released or discharged of record, and *without* the concurrence of the creditor, will operate as a justification to those claiming to act under it. An execution issued to enforce the payment of a judgment after it had been once paid, may, no doubt, be a sufficient justification in trespass to the officer and his assistants. He is never bound to look beyond the process. If that is regular upon its face, it is sufficient for him and all those who act under him. And unless the payment were entered of record, or the fact made known to the clerk, he clearly could not be made a trespasser on account of the issuing of the execution.

But in the present case, the execution had been paid and surrendered to the debtor, as evidence of such payment. The case must be considered the same as if the execution had been released or discharged by the creditor, either upon another or the same paper; and if upon the same, the payment or endorsement erased. In such case, it could hardly be contended, that the second execution could be any protection to the party. It must be admitted on all hands, that if the satisfaction of the execution appeared of record, the clerk even would be a trespasser for issuing a second execution, and this upon the ground that the second execution would be *irregular* and *void.*

But when the payment has not been applied upon the execution, or the execution surrendered to the defendant to be destroyed or kept by him, or some other *unequivocal* act done to indicate the consent of the parties to treat the execution as satisfied, it might be more in accordance with principle, and certainly with decided cases, to leave the party to his remedy, by a special action of *trespass on the case.* Indeed, so closely do the cases upon this subject tread upon the heels of each other, that it is almost impossible to find any satisfactory and intelligible ground of distinction between trespass and case for acts done under *color of process.*

The same act in different states of the American Union, is declared to be, and not to be a trespass. In Massachusetts, it is held, that if an execution issue before the day on which the party by law is entitled to it, the party suing it out is liable in trespass for all injury sustained by the debtor.—*Briggs* vs. *Wardwell,* 10 Mass. R. 356.

And in the case of *Blaine* vs. *Charles Carter and Donald,* 4 Cranch, 323, the court wholly disregard such an ex-

ORLEANS,
March,
1836.

Pierson
vs.
Gale et al.

ception, upon the ground that it should be first set aside by application to the court from which the execution issued. Upon the same ground, the court in New-Hampshire refused to sustain trespass where an execution was issued by a justice of peace against the body of the debtor, in a case where by law no such execution could issue.—(2 N. H. R. 491.) And in Maine, precisely the same point was decided just the reverse.—5 Greenleaf, 291.

Where the exemption claimed is mere privilege of the party or court or other body, the party can never sustain trespass for an arrest in violation of the privilege, but must resort to his action upon the case.

In *Wood* vs. *Kinsman and another*, (5 Vt. R. 588,) it was held that where the debtor was arrested on an execution after having been admitted to the poor debtors' oath, he could have no remedy by action of trespass and false imprisonment. (The same question has been decided otherwise in Maine and some of the other states.)

The distinction then between cases where trespass will lie, and those where it will not lie, are not very distinctly marked.

It is said in the old cases, (*Parsons* vs. *Lloyd*, 3 Wilson's R. 341—*Barker* vs. ———— *and Norwood*, do. 376, and cases there cited,) that when the *judgment* on the writ is *irregular*, and not merely *erroneous*, *and has been set aside for such irregularity*, that all acts done under color of the execution of such judgment or writ, are the same, so far as the party is concerned, as if the judgment or execution had never existed.

The same distinction has been repeatedly recognized in this state, and is no doubt founded in solid, sound sense. If the act is one of *judicial* discretion, the court is never liable in any form of action for a mere error of judgment. If the court is not liable, surely the party should not be for the act of the court. And the officer is never bound to look beyond the face of the precept or process under which he acts. If that be regular, it is always sufficient for him and for his assistants. And I apprehend, that although it should afterwards be set aside for some irregularity not apparent on the face of it, the officer and his aids could never become trespassers for any act done under the process.

It is equally well settled, that whenever the process is regular, and issues from a court of competent jurisdiction, neither the officer or party are liable in trespass for any mere abuse of the process, however groundless or malicious their proceedings may be, but the appropriate remedy is case.—(*Watson* vs. *Watson*, 1 Conn. 148.— 1 Chit. Pl. 188.) For if the execution has been paid in any col-

lateral manner, or perhaps in money, but no application made up-on the. execution, and the party sue out a second execution, he is not thereby a trespasser, but the proper remedy is by *audita que-rela*, or an action on the case. (*Luddington* vs. *Peck*, 2 Conn. R. 700, and cases there cited.)    The same doctrine is held in the case of *Brown* vs. *Feeter*, 7 Wend. 301.

ORLEANS,
March,
1836.
Pierson
vs.
Gale et al.

But where the payment appeared of record, no doubt the clerk and the party would be liable in trespass, for here the issuing of an execution would be *irregular*, and all persons concerned in issuing it are trespassers.    If the application had been once made but fraudulently erased by the party, or if the execution had been paid and surrendered to the debtor as evidence of payment, and then sur-reptitiously purloined by the party and a second execution sued out, we incline to the opinion that the party must be treated as a trespasser, the same as if he had sued out the second execution while a satisfaction of the first appeared of record, or while the first execution was in the hands of the debtor, and not returned in-to the office of the clerk.    But as that is not the present case, we do not incline to decide it.

But in the present case the execution was sued out by one of the debtors and a mere stranger, and in no sense can these defen-dants connect themselves with the process, so as to claim protec-tion under it.

They are not the creditors or the agents or attorneys of the creditors, but act wholly without the knowledge and independent of the creditor.    A mere stranger who had resolved upon commit-ting a trespass, might just as well purloin a writ from some attor-ney's office and procure the authority signing the writ, to deputize him to serve it, and then claim to have proceeded in the execution of this precept, in which he had no interest directly or indirectly, and over which he had no control.—(5 Wendell 237.)

In Green vs. Jones, 1 Saunders 300, it is held, that, to a plea of justification under process, it cannot be replied by the plaintiff that defendant did not do the act *by virtue of the process*, for this is not a traversable or issuable part of the plea.    If the party have such process and it issued regularly, all acts done in the apparent execution of it are to be referred to it of course on the ground of legal courtesy, or that charity will put the most favorable construc-tion on a man's acts.    But surely the *existence* of the process, and the *manner* of its being prayed out may be put in issue.    In this case it is not true that Lee the creditor, sued out this execu-tion,

ORLEANS,
*March,*
1836.

Pierson
*vs.*
Gale et al.

nor is it true that the defendants or their agents or attorneys, or as assignees of the debt sued out the writ, for the debt was *extinguished* and not assigned.    For this reason then as well as the former, we are satisfied that the execution issued irregularly, and that the defendants have no color of pretence to justify their proceedings under it.

The case of Luddington vs. Peck, 2 Conn. 700, and that of Watson vs. Watson, 9 ib. 140, are certainly very strong cases in favor of defendants ; and much stronger than any others to be found in the books.    The latter case is one indeed of very questionable authority, and they are not in point.    In neither of those cases was any such want of authority shown in the party attempting to justify as in the present.    The case of Turnor vs. Folgate, Raymond 70, referred to by Ch. J. Swift, in the case of Luddington vs. Peck, is one which could not be recognized as law here. There the creditor after having sued out and levied one execution, sued out a second execution on the same judgment, and levied it upon other goods with a view to double charge the debtor.    In our practice no such thing could happen, unless through the default of the clerk, for the party is never entitled to two executions of the same or different grades, at the same time, but both are the constant practice in the courts of Great Britain ; and this is the true reason ease was held to be the proper remedy.

The judgment of the county court is affirmed.