GEORGE A. GAGE v. HYDER BARNES.

ADDISON,
January,
1839.

In cases of confession of judgment and, also, where mutual offsets are pleaded, a justice of the peace may render a judgment for damages exceeding fifty three dollars, independently of the statute of 1821, extending the jurisdiction from fifty three to one hundred dollars; and, in such cases, the execution should be made returnable in sixty days.

A process, good upon its face, is a sufficient justification to the officer who executed it; and though the judgment is for a sum in damages, exceeding fifty three dollars, and execution issues for sixty days, yet it is a justification to the officer, though, in fact, it issued in a case where by law it should have issued for 120 days.

In such case every reasonable intendment is to be made in favor of the legality of the process, and the officer had the right to suppose the execution issued in one of those cases where by law it might issue for 60 days.

Hence a replication to a plea of justification by an officer, setting up an execution for more than fifty three dollars damages, and returnable in 120 days, that said execution, when issued and served, was returnable in 60 days and, subsequently, altered to 120 days, though issue is joined thereon by the defendant, tenders an immaterial issue; and, though found for the plaintiff, the court should not award a repleader, but give judgment for the defendant.

THE facts in this case are sufficiently stated in the opinion of the court, delivered by

BENNETT, J.—This is an action of trover, brought against the defendant, who was constable of the town of Addison, for the conversion of certain property specified in the declaration; and the defendant, after pleading the general issue, justifies, by a special plea, the taking of the property under two certain executions, issued on judgments rendered before a justice of the peace, each for a sum in damages over fifty three dollars, returnable in 120 days from date. To this plea of justification the plaintiff replies that the executions were not issued and made returnable in 120 days, but in 60 days from the date thereof; and, upon this, issue is joined between the parties. The defendant having given in evidence two certified copies of executions returnable in 120 days, comporting with those set forth in his plea in bar, the plaintiff offered to prove by parol, by the justice, who issued them, that at the time these executions were issued and executed, they were issued for and were returnable in 60 days from date, and were, after being executed and returned to the

magistrate, altered, by erasing the words, " sixty" days, and inserting " 120" days.

This testimony was objected to and rejected by the court; and this case comes up on exceptions to that decision. It is a principle, long since settled, that a process, which is good upon the face of it, is a sufficient justification to the officer who executed it. This doctrine is based upon the soundest reason. Perilous, indeed, would be the condition of officers, if they were bound to look beyond their process, and to ascertain whether there was not some extrinsic matter to render it void, before they could proceed to execute it with safety. The statute of 1821, extending the jurisdiction of justices of the peace from fifty three to one hundred dollars, provides that whenever judgments shall be rendered for a larger sum than fifty three dollars, *in pursuance of the provisions of that act*, the executions shall be made returnable within 120 days. Where the jurisdiction of the court, to render a judgment over fifty three dollars, was not conferred by the act of 1821, the time, within which an execution was made returnable, remained unchanged. There are, at least, two cases in which a justice, independently of the act of 1821, may lawfully render judgment for a sum exceeding fifty three dollars, and issue execution returnable within sixty days. I allude to judgment by confession, and in cases where there are mutual offsets. If the executions issued in such cases, the law required them to be issued for sixty days, and every reasonable intendment is to be made in favor of the legality of the process. If there were cases in which a justice might lawfully issue executions on judgments exceeding fifty three dollars, returnable in sixty days, the officer had the right to presume these were such cases. It was not his duty to look beyond his process.

If it might be good, for aught that appeared upon its face, the officer is to be justified in its execution. So far, then, as the officer is concerned, the evidence offered and the issue joined between the parties were wholly immaterial. This being the case, there is no occasion for deciding the

question as to the admissibility of the parol evidence, which was excluded by the court below. It could not, in any event, have avoided the defence set up by the officer. If the evidence had been admitted and the issue found for the plaintiff, it would have been the duty of the court, not to award a repleader, but at once to give judgment, *non obstante veredicto,* for the defendant. The judgment of the court below is, therefore, affirmed.