LUTHER B. HUNT, *administrator, de bonis non, of* ALBERT G. PAYNE *v.* LUCY PAYNE AND MAHALA PAYNE.

*Recovery in ejectment by administrator against devisees or heirs, conclusive, at law, as to his right of possession, &c. Proof of heirship.*

A recovery by an executor or administrator in an action of ejectment against the devisees or heirs of the estate upon which he is administering, is conclusive at law as to his right, and also as to that of an administrator *de bonis non* who has succeeded him, to the possession of the premises for which the recovery was had.

If such former recovery against devisees was on account of their non-performance of certain conditions in the devise, they can obtain relief against the effect of such recovery only by resorting to a court of equity.

If, in an action of ejectment in favor of an administrator, the defendants claim that they are entitled to the possession of the premises as heirs, the fact of such heirship must be affirmatively shown. It will not be inferred from the fact that they were brothers or sisters of the deceased unless it be also shown that no nearer relatives survived him.

EJECTMENT for the recovery of certain lands in Fairfield. Plea, the general issue; trial by jury, December Term, 1856,— PIERPOINT, J., presiding.

The plaintiff showed the recovery of a judgment in an action of ejectment for the same premises, obtained by Aaron H. Payne, as executor of the last will and testament of Albert G. Payne, against these defendants, at the April Term of the Franklin county court, in the year 1846. The plaintiff also showed that Aaron H. Payne had resigned his office of executor and that he had been duly appointed administrator *de bonis non*, with the will annexed, and that the defendants were in possession of the premises.

The defendants then introduced the will of Albert G. Payne, dated October 23d, 1838, and duly probated June 26th, 1839, from which it appeared that he devised the premises sued for to his brother Aaron H. Payne and his sisters, the present defendants, on condition that they provided a comfortable support for their father and mother during their natural lives. It appeared that the mother died before this suit was brought, but that the father was living when the suit was brought, and had no means of support other than what said will provided, but that he had since died. It also appeared that the defendants took possession of the premises

without the consent of the adminstrator, Hunt, and had been notified by him to quit before suit was brought.

Upon these facts the defendants contended that, by the proper construction of the will, they had a legal right to the possession of the premises under it as tenants in common with the said Aaron H. Payne, and that the plaintiff had no right to bring a suit against them for the possession. But the court charged the jury that, upon these facts and a proper construction of the will, the plaintiff was entitled to recover; to which charge the defendants excepted. Verdict for the plaintiff.

*Aldis & Burt,* for the defendants.

1. The only right Aaron H. Payne, as executor, could have had against the heirs, was to pay the debts of Albert G. Payne and costs of administration.

From the death of Albert G. Payne to the commencement of this suit, was about fourteen years, a lapse of time from which the law would presume the debts against his estate paid or settled, the contrary not being shown. The executor, then, had no right to the possession of the real estate as against the heirs, and if they were in possession, could not oust them.

2. Aaron H. Payne, *as executor,* was not bound to provide for his father's support. The will threw that burden solely on the heirs, and if they did not provide a comfortable support, it was for the father to bring a suit to remedy the wrong. The executor was not the trustee of his father, and he could not withhold the possession of the land from the heirs on that ground, for they had a right to the possession in order to render the support. The performance of the condition is personal to themselves.

*H. R. Beardsley,* and *G. G. Hunt,* for the plaintiff.

The opinion of the court was delivered by

ISHAM, J. The premises described in the declaration were devised by the testator to Albert G. Payne, Lucy Payne and Mahala Payne, his brother and sisters, on condition that they gave to their parents, Samuel Payne and wife, a comfortable support during their natural lives. On the decease of the testator the

devisees were seized of the premises as tenants in common, subject, however, to have their title defeated by the non-performance of the condition mentioned in the will. The facts are found in the case, that the defendants are in possession of the premises, and that Aaron H. Payne, the executor named in the will, has been removed, and the plaintiff appointed administrator, with the will annexed, in his place. On trial of the case before the jury, the plaintiff gave in evidence the record of a judgment in favor of Aaron H. Payne, as executor, against the defendants, in an action of ejectment for the recovery of these premises. That judgment was recovered long after the defendants had obtained their title under the will; for the will was proved in 1839, and the judgment was recovered in 1846. The estate of Albert G. Payne by that judgment obtained the legal title and right of possession to these premises, as against the defendants; for it was only on proof of such legal title and right of possession in the estate, that the executor could have recovered in that action. The object of the action of ejectment in this state is not merely to recover the possession of lands, but to settle the title and establish the right of property, and the judgment, when recovered, is, as between the parties, conclusive evidence of that title; *Marvin* v. *Dennison*, 20 Vt. 663. Upon that evidence the plaintiff, as the administrator *de bonis non* of that estate has, *prima facie* at least, the right to recover in this action; for, under our statute, he succeeds to the rights of the former executor, and can recover, in an action of ejectment, the premises wrongfully withheld from the estate.

It is quite obvious upon the facts stated in the exceptions that the defendants cannot justify their possession of the premises, as devisees under the will. The judgment recovered by the former executor against these defendants will defeat their title as such devisees. It is evidence that, as such devisees, they had neither the title nor right of possession as against the estate, for if they had either, that judgment could not have been recovered. If that judgment was obtained for the non-performance of the condition mentioned in the will, it will always conclude their rights as devisees, whatever may be their remedy in equity. The question, therefore, on whom rested the burthen of proof to show that those conditions were or were not performed, does not arise in the case,

as the right of the defendants to the premises was determined against them by that judgment. As devisees, therefore, after the rendition of that judgment, the defendants have no right to the possession of the premises.

It is contended, however, that this administrator has no right to recover these premises of those who are in possession as heirs, and who, on a distribution of the estate, are entitled to them unless the premises are wanted for the payment of debts. We have no occasion to consider that question in this case, as we perceive nothing in the exceptions which requires the application of that principle. There is nothing stated in the case showing that the defendants are in fact the heirs at law of Alfred G. Payne. We do gather from the case that the testator and the devisees were brother and sisters, but it is only in one event that they become the legal heirs of the testator. That fact is not stated in the case, and it is one that must affirmatively appear before they can be clothed with that right. But if the fact appeared in the case, the difficulty is not removed. The recovery by the former executor establishes the right of the plaintiff, as administrator, to the possession of the premises. The same matters which gave the former executor a right to recover the premises will give the same right to the present administrator, as no attempt has been made to show a right to the premises acquired subsequent to the rendition of that judgment. If the premises were not wanted by the former executor for any other purpose but to distribute the same to the heirs, their possession of the premises would probably have been a defense to the action. The fact that a recovery was had is evidence that the executor had to the possession of the premises, as against the defendants, for some legal purpose. The judgment is evidence of the same right in behalf of the plaintiff as the administrator on that estate. Upon the facts stated in this case, therefore, we think the plaintiff is entitled to recover in this action.

The judgment of the county court is affirmed.