### JOSEPH MORRILL v. VOLNEY THURSTON.*

*Recognizance.   Discharge of Bail.   Gen. Sts. ch.* 124, § 16.

The recognizance required by the 16th section of the liquor act to be given on appeal, "conditioned that the respondent will prosecute his appeal to effect, and pay all costs, fines, and forfeitures, and undergo all penalties that may be awarded against him," is not a recognizance for the personal appearance of the respondent in the appellate court ; and the justice of the peace before whom such recognizance is taken, has no authority to issue a warrant to apprehend the respondent and commit him to jail in discharge of his surety.

TRESPASS for false imprisonment.   Plea, the general issue, with notice of special matter, and trial by jury, December term, 1871, BARRETT, J., presiding.

In August, 1869, the plaintiff was prosecuted for selling intoxicating liquor contrary to law, and tried before the defendant, then a justice of the peace, found guilty, and fined $100.   The plaintiff appealed to the county court, and Alden Page recognized as his surety in $250, conditioned that the plaintiff should prosecute his appeal to effect, and answer and pay all costs, fines, and forfeitures, and undergo all penalties which should be awarded

---

*This case was decided at the February term, 1873.

against him, as required by statute. On October 7th, 1869, the said Page applied to the defendant, justice of the peace as aforesaid, for a warrant to apprehend the plaintiff and commit him to the common jail in said county in discharge of his said recognizance, which the defendant issued accordingly, and the plaintiff was thereafterwards, on the 8th day of said October, apprehended thereon, and on the 10th day of said October, committed to said jail by virtue thereof, where he remained till the 17th day of December following, when he was discharged from such imprisonment on *habeas corpus*. The defendant requested the court to charge the jury, that the issuing of said warrant by him as aforesaid, was lawful, and a matter within his jurisdiction; but the court refused so to charge, but charged the contrary thereof; to which the defendant excepted. Verdict for the plaintiff.

*S. M. & S. E. Pingree*, for the defendant.

The primary object of the law in taking bail on appeal in criminal cases, is the same as in cases of preliminary examination, to secure the appearance of the respondent for trial. This primary object, though not expressly reaffirmed in the condition of recognizance in the liquor statute, is not, for that reason, abrogated. Gen. Sts. 593, § 16. That statute contains nothing inconsistent or irreconcilable with this primary and all-important consideration. It is the alleged offender whom the law seeks to have in court, that justice to the state and to him, may be done.

The rights of the subject require that the right of appeal, and the right of jury trial, be carefully guarded; and, therefore, the relations which, by the general law, exist between principal and bail, are as necessarily the result of this statute, as of every other kindred statute. *State* v. *Peterson*, 41 Vt. 504. To take any other view of this statute, would be to affirm that the bail, recognizor, or surety, is an obligor under the same, and is, at the same time, divested of all and every protecting power and incident of the relation he comes into towards the state, so far as concerns the respondent; and even his right to assert and establish the innocence of the principal in discharge of himself, is gone. But does the requirement that the respondent " shall prosecute his said

appeal to effect," &c., in a criminal case, mean anything less than that he shall personally appear, that a prosecution may be possible ? We submit that the statutory terms clearly warrant our construction ; and especially does this clearly appear, when we apply to them the intent, purpose, meaning, and primary object of all criminal procedure, and the obligations, relations, and incidents which grow out of it, and are fixed by it.

The law affords the recognizor the same rights and securities for insuring this appearance in the one case as in the other ; and by the law, the principal is in the custody of his bail, or as the law phrase is, " he holds him by a string." *Parker* v. *Bidwell*, 3 Conn. 84 ; *Ruggles* v. *Corey*, Ib. 419 ; *Nichols* v. *Ingersoll*, 7 Johns. 145 ; *Read* v. *Case*, 4 Conn. 166 ; *Commonwealth* v. *Brickett*, 8 Pick. 138 ; *Bean* v. *Parker et al.* 17 Mass. 591. We say then that under this 16th section of the liquor statute, the obligation rests on the surety on appeal, to have the respondent in court, to save himself on his recognizance ; and, therefore, the right of commitment, to secure him for that personal presence, follows as a legal incident to the general right. This principle is clearly recognized in a case precisely like the one at bar. *State* v. *Nichols*, 43 Vt. 91.

*W. C. French* and *C. M. Lamb*, for the plaintiff.

The signing and issuing of the warrant by the defendant, was a ministerial act, and if he had no authority to issue the same, he is liable to the plaintiff for all damage which he suffered in consequence thereof. *Insurance Co.* v. *Cummings*, 11 Vt. 503 ; *Ingraham* v. *Leland*, 19 Vt. 304 ; *Knowles's Case*, 8 Greenl. 71 ; *Spencer* v. *Perry*, 17 Me. 413 ; *Cooper* v. *Bakeman*, 33 Me. 376 ; *Jones* v. *Elliott*, 35 Me. 137 ; *Briggs* v. *Wardwell*, 10 Mass. 356 ; *Davis* v. *Copper*, 10 B. & C. 28 ; *Pratt* v. *Hill*, 16 Barb. 303 ; *Piper* v. *Pearson*, 2 Gray, 120 ; *Kelly* v. *Bemis*, 4 Gray, 83 ; 2 Hilliard Torts, 184, *et seq.*

The recognizance was a contract on the part of the surety to pay all " costs, fines, and forfeitures " recovered in the action against the plaintiff. No part of the recognizance was conditioned for the appearance of the plaintiff in the county court, to answer

to the complaint. It bears no analogy to the ordinary recognizance in criminal cases. The whole policy of the liquor law is to make it more stringent than ordinary criminal statutes. It could not have been the intention of the legislature, to allow the surety to discharge himself from this contract, by procuring the principal to be committed to jail. Would the surrender of the principal into court be a satisfaction and discharge of this recognizance? The common law right of the bail to the custody of the principal, and his right to take the principal and surrender him up to the court in discharge of the recognizance, have no application in this case. It is not a recognizance to which such right can apply. The surety did not undertake to exercise any such right. The surrender can only be made to the court during its session. After the appeal, the justice had no further jurisdiction over the matter, and the surrender of the principal, if made by the surety, must be made to the county court when in session. *Parker* v. *Bidwell et al.* 3 Conn. 84 ; *Ruggles* v. *Corey*, Ib. 419.

The opinion of the court was delivered by

PIERPOINT, Ch. J. The principal question in this case, is as to the construction to be given to the recognizance entered into by Alden Page as surety for the plaintiff Morrill, upon his appeal from the judgment rendered by the defendant as a justice of the peace, in a prosecution in behalf of the state against said Morrill, for selling intoxicating liquor contrary to law ; and the question here is, was that a recognizance for the personal appearance of Morrill at the term of court to which the appeal was taken, there to prosecute his appeal, &c. ? If it was, then all the authorities agree that both at common law, and by our statute, Page had the right to arrest and hold the body of the said Morrill, to the end that he might have him in hand to surrender at said term of court, in discharge of his recognizance ; and the defendant was justified, upon the proper application of the said Page, in issuing, as a justice of the peace, a warrant for the arrest and imprisonment of said Morrill, for said purpose, as provided by our statute. On the other hand, if the recognizance was not for the personal appearance of Morrill, then Page had no right to arrest and hold

him, and the defendant as a magistrate had no authority in law to issue a warrant for that purpose, as he did in this case, and made himself liable in this action for so doing.

The recognizance required by the statute, and that taken in this case, is not in terms for the personal appearance of the respondent, but is that the respondent " shall prosecute his appeal to effect, and answer and pay all costs, fines, and forfeitures, and undergo all penalties that shall be awarded against him." It is said that he cannot prosecute his appeal without entering it in court, and appearing personally to answer to the prosecution. He may appear by attorney, and interpose defences that are available to his discharge, without his personal appearance.

We think no case can be found where a recognizance like the present, has been held to be a recognizance for the personal appearance of the respondent.

If in the case appealed, the respondent had entered his appeal in court, and had voluntarily appeared there, or had been surrendered by his bail, that would not have discharged the recognizance. That could be discharged only by the payment of all costs, fines, and forfeitures, &c., that should be imposed, either by the respondent or his bail. Or if the appeal is not entered, then the judgment appealed from, by our statute, stands in full force, to be executed the same as if no appeal had been taken, and the bail for the appeal is made responsible for it, and in such case the bail cannot discharge himself by surrendering his principal to the magistrate rendering the judgment, or to any other authority. If the bail cannot discharge himself in cases of this kind, by surrendering his principal, the whole reason upon which the law is founded that allows the bail to take and hold the body of his principal for the purpose of surrender, fails, and the law does not apply. Certainly the terms of the recognizance should not be extended by implication, for the purpose of giving such effect to the law. In a certain class of cases arising under the liquor law, so called, the respondent may be fined and imprisoned, as when he has been before convicted of similar violations of the same law ; but this we think cannot change the nature of the recognizance.

In the prosecution against Morrill, the magistrate simply imposed a fine. That was all he could do under the complaint, and all the county court could do, as there was no allegation in the complaint of a former conviction.

If Page had kept Morrill in jail upon the warrant issued by this defendant, until a trial was had in the county court, it would have availed him nothing in the way of relieving himself; and to allow it, would be inflicting a great injury to no good end.

In all other cases under our statute where bail is taken in criminal proceedings, upon appeal or otherwise, it is taken for the personal appearance of the respondent, and all the provisions regulating the proceedings in such cases, have direct reference to bail of that character.

If the bail in cases like the one under consideration, has the right to arrest and imprison his principal, it is very doubtful whether the power is vested in any person or tribunal to take a new recognizance, such as is required by the statute, and release him; and if not, he must inevitably remain in jail until his case is finally disposed of by the appellate court.

We think it apparent from the language used in the statute, that the legislature intended to place the recognizance required in prosecutions under the liquor law, on substantially the same ground as that required in case of appeal in civil cases; the language used in the two classes of cases being nearly the same. The object apparently being in the one case, to secure the payment of costs, fines, &c., and thus punish the offender; and in the other, to secure the payment of the costs and intervening damages, for the benefit of the other party.

Judgment of county court affirmed.