ALEXANDER SARTWELL *v.* ALBERT SOWLES AND WILLIAM LADD.

May Term, 1899.

Present: ROWELL, MUNSON, START, THOMPSON, AND WATSON, JJ.

Opinion filed May 24, 1900.

*Motion to dismiss—Oral evidence as to true date of writ*—It appearing on the face of a writ that its date had been altered, evidence to show the true date of its issue was admissible under a motion to dismiss.

*Res judicata*—A judgment of a justice having been vacated in an action of *audita querela* on the ground of want of jurisdiction in the justice, the question of his jurisdiction was *res judicata.*

*Ejectment—Justice without jurisdiction except under V. S. 1560—Title to land concerned*—The object of an action of ejectment proper is not only to recover the possession of land, but also to settle and establish the title thereto, and as the title to land is necessarily involved a justice has no jurisdiction of such action.

*No justification under process void on its face*—A writ of possession which shows that the judgment on which it was issued was rendered by a justice, and was for the plaintiff to recover "his title and posses-

sion" shows a judgment which it was without the jurisdiction of the justice to render, and affords no justification to any one acting under it.

*Statute of Frauds a rule of evidence—Waiver by not objecting—*If a contract is proved by oral evidence not objected to, the Statute of Frauds is waived.

*Submission to arbitration revocable before award—Agreement not to revoke ineffective—*A submission to arbitration may be revoked by either party at any time before an award is made and published, notwithstanding an agreement not to revoke, and the submission when revoked is no bar to an action.

*Refusal of trial court to set aside verdict for excessive damages not revisable—*The action of the County Court in refusing a defendant's motion to set aside a verdict on the ground of excessive damages is not revisable in the Supreme Court.

*Award of certified execution discretionary—*The award of a certified execution rests largely in the discretion of the County Court upon the facts found by it, and when made, in the exercise of such discretion, is not revisable in the Supreme Court.

*Evidence conformable to issues—*When a defendant justifies under a writ of possession issued upon the judgment of a justice, the judgment and writ of possession and proceedings in *audita querela* setting aside the judgment are material evidence.

*Oral lease for a term of years—Tenancy at will—Tenancy from year to year—*An oral lease for a period of years creates a tenancy at will, with a right of possession in the lessee so long as he is allowed to occupy, and such a tenancy may ripen into a tenancy from year to year. A request for a charge inconsistent with the law in this respect was properly disregarded.

TRESPASS. Pleas, the general issue, *liberum tenementum* and justification under legal process. Trial by jury, Franklin County, September Term, 1898, *Tyler*, J., presiding. Verdict and judgment for the plaintiff. The defendants excepted.

Before the case came on for trial a motion to dismiss for want of jurisdiction was heard and overruled. It appeared by the writ and was conceded that the date of the writ had been altered. On evidence received subject to objection, the court found that the blank writ was filled out on June 7, 1898 and that date inserted, but that the recognizance was taken by the justice on June 17, 1898, and the writ then issued by him, and that at

that time the date was changed to June 17, 1898 and that that was the true date of the issue of the writ.

On the trial by jury, it appeared that in April, 1893, the plaintiff and the defendant Sowles made an oral contract by which the plaintiff was to carry on, upon shares, a dairy farm in Swanton belonging to an estate of which the defendant Sowles was administrator. The plaintiff's evidence tended to show that the contract was for five years, while that of the defendants' tended to show that it was for one year only, and that at the end of a year it was extended to April 1, 1895.

The plaintiff took possession of the farm under the contract and carried it on until June 7, 1895, when he was ejected as hereinafter stated. The evidence of the defendant Sowles tended to show that in February, 1895, he told the plaintiff he was not have to the farm another year. This the plaintiff denied.

May 7, 1895, the defendant Sowles, as administrator brought an action of ejectment against the plaintiff returnable before a justice of the peace. On the return day of the writ, May 14, 1895, the defendant in that suit proved to dismiss the action on the ground that the justice was without jurisdiction, but this motion was overruled, and the plaintiff in that suit recovered judgment for the seisin and peaceable possession of said farm and a writ of possession thereon.

The proceeding before the justice was not justice's ejectment so-called, under V. S. 1560 and the following sections, but an action of ejectment proper, the writ being in accordance with V. S. 5417, Form 24, and the writ of possession in accordance with Form 5 of the same section.

Shortly after the judgment was rendered the parties agreed to submit their differences to arbitration, said Sowles giving a bond to abide by and perform the award, and both parties agreeing not to revoke. After a partial hearing before arbitrators said Sowles revoked the submission, and on June 5, 1895, took out the writ of possession above referred to. This writ was put into the hands of the defendant Ladd as deputy sheriff to serve, and

June 10, 1898, both defendants went to the farm in question and the defendant Ladd then quietly and peaceably moved the plaintiff's goods therefrom into the highway and put the defendant Sowles into the possession of the farm. The testimony of the defendant Ladd tended to show that he acted in good faith in reliance upon the validity of the process in his hands. At the April Term, 1898, of the Franklin County Court the judgment of the justice above recited was vacated in an action of *audita querela.*

In this case against the objection of the defendants the plaintiff introduced in evidence the judgment of the justice, the writ of possession, and the proceedings on *audita querela.* At the close of the testimony each defendant moved for a verdict in his favor. Both motions were overruled. The court held that the writ of possession and the judgment upon which it was issued were void, and that the defendants were trespassers and liable for actual damages.

The defendants' ninth and tenth requests to charge, and the first separate request of the defendant Ladd, were based on the claim that the writ of possession was proper in form, and on its face appeared to have been regularly issued in a proceeding of which the magistrate had apparent jurisdiction which he had properly exercised. The defendants' twelfth, thirteenth and fourteenth requests to charge, were based on the claim that by virtue of the terms of the agreement of submission to arbitration, prospective profits from the farm could not be considered in arriving at the amount of damages.

The jury found specially :

That the contract of lease was for five years; that the damages to the plaintiff from the moving of his goods into the highway were $36.50; that the plaintiff's damages in consequence of his not occupying the farm for the year from April 1, 1895 to April 1, 1896 were $300; that the plaintiff's damages in consequence of his not being permitted to occupy the farm until the end of the term of five years were $400.

18

The court rendered judgment for $336.50, the plaintiff electing to take a judgment for that sum, and a certified execution was awarded.

*E. A. Ayers* and *C. G. Austin* for the plaintiff.

*E. A. Sowles*, *Willard Farrington* and *A. A. Hall* for the defendant.

WATSON, J. The evidence to show the true date of the writ was admissible, and the motion to dismiss, for want of jurisdiction, was properly overruled. *Hopkins* v. *School District*, 27 Vt. 281.

After the plaintiff had been in possession of the farm for more than two years, carrying it on under his contract, defendant Sowles, as administrator of the estate of William L. Sowles, brought his action of ejectment in the statutory form—not a justice ejectment under the forcible entry and detainer act,—against the plaintiff, returnable before a justice of the peace, but in the declaration his seisin and possession were alleged to be in his own right in fee, and not in his representative capacity. Judgment was rendered for the plaintiff therein to recover the seisin and peaceable possession of the farm in question, and a writ of possession was issued upon that judgment.

The writ of possession was put into the hands of defendant Ladd, a deputy sheriff, for service, whereupon the defendants went to the farm, and Ladd quietly and peaceably moved the household goods and other personal effects of the defendant therein, into the highway and put Sowles into possession of the farm ; and Ladd seeks to justify his acts in this behalf, in the suit at bar, under the writ of possession.

The plaintiff, in this suit, contends that the justice had no jurisdiction of the subject matter, and therefore the writ of possession affords no justification.

At the April Term, 1898, of Franklin County Court, the judgment of the justice was vacated in an action of *audita querela* brought for that purpose, and it was adjudged therein that the justice was without jurisdiction of the subject matter, and

the judgment of the justice and the writ of possession thereon were set aside and held for naught. No exception was taken thereto, and the question of want of jurisdiction in the justice, thereby became *res judicata.*

But it is said that Ladd, not being a party to the action of *audita querela,* is not affected by the judgment therein. Assuming, but not deciding, this to be so, we examine the question as to whether the justice had jurisdiction.

The object of the action of ejectment in this State, being not merely to recover the possession of lands, but to settle the title and establish the right of property, and the judgment, when recovered, being, as between the parties, their heirs and assigns, conclusive evidence of that title—V. S. 1492; *Payne's Administrator* v. *Payne,* 29 Vt. 172; *Marvin* v. *Denison,* 20 Vt. 662—the plaintiff in the action before the justice, in order to recover, was obliged to show title in himself to the land in question, which is conclusive that the title to land was involved within the meaning of section 1040, V. S., as held in *Jackway* v. *Barrett,* 38 Vt. 316, and in *Dana* v. *Sessions,* 63 Vt. 405. Clearly the justice was without jurisdiction.

The grounds of the defense made, rendered the judgment of the justice, the writ of possession, and the proceedings in relation to the action of *audita querela* material, and the same were admissible in evidence.

At the close of the evidence, each defendant moved for a verdict, but it does not appear from the exceptions that any grounds were stated upon which the motions were based, and therefore, in disregarding them, there was no error. *State* v. *Nulty,* 57 Vt. 543.

The court held that the writ of possession and the judgment upon which it was issued, were void; that the defendants were trespassers and liable for actual damages, to which holding the defendants excepted.

The justice being without jurisdiction of the subject matter, as hereinbefore shown, not only was the judgment void, but the

writ of possession issued thereon was void, also.  It has been argued in behalf of defendant Ladd that notwithstanding the judgment and writ of possession were void, inasmuch as a writ of possession may be issued by a justice upon a judgment in an action under the forcible entry and detainer act, the officer would not know but that the writ in question was thus issued, and therefore it affords justification for his acts under it.

In actions of ejectment, if judgment is rendered for the plaintiff, he shall recover his damages and the seisin and possession of the premises.  V. S. 1491.  And the prescribed form of the writ of possession to be used upon such a judgment states that, by the consideration of the court named therein, the plaintiff has recovered judgment for his title and possession of and in the realty therein described.  V. S. 5417, Form 5.

In actions before a single justice under the forcible entry and detainer act, against a tenant holding over without right, exclusive of rents and costs, the plaintiff can have judgment only for the possession of the premises, and a writ of possession shall issue accordingly.  V. S. 1563.  The clause that a writ of possession shall issue accordingly, means that the writ shall be so drawn in form and substance as to comply with the law upon which the action is based, and that it shall be within the scope of the judgment upon which it is issued.

It appeared by the writ of possession under which defendant Ladd acted, that the judgment on which it was issued was rendered by the subscribing justice, and that it was for the plaintiff to recover his title and possession of the farm in question.  The law permitting such a judgment to be rendered was without the jurisdiction of the justice ; and the defendant was bound to know the law.

The writ, therefore, was not fair on its face, and afforded no justification to any one acting under it.  *Driscoll* v. *Place*, 44 Vt. 252; *Carleton* v. *Taylor*, 50 Vt. 220.  It follows that the defendants were trespassers and liable for actual damages, as held by the court, and that their ninth and tenth requests to charge,

and defendant Ladd's first request, were unsound and properly refused.

Whether the contract was within the statute of frauds, need not be considered; for, if it was, the defendants have waived that defense by allowing the contract to be established by parol evidence without objection, and it must be enforced as proved. *Montgomery* v. *Edwards*, 46 Vt. 151; *Battell* v. *Matot*, 58 Vt. 271; *Pike* v. *Pike*, 69 Vt. 535.

The defendants' second request to charge was as follows: "If the jury find that the plaintiff leased the premises without writing for five years, as plaintiff's evidence tends to show, still the defendant as administrator would be in the lawful possession of the premises, by his servant, the plaintiff, under the circumstances at the time of the alleged ejectment from the premises as his testimony tends to show, and this action could not be sustained."

Such a lease would have had the effect of creating an estate at will—V. S. 2218—with the right of possession in the lessee as long as he was allowed to occupy and carry on the farm thereunder; and such an estate may ripen into a tenancy from year to year, thereby entitling the lessee to six months notice to quit before yielding possession of the premises to the lessor. *Amsden* v. *Atwood*, 69 Vt. 527; 67 Vt. 289. This request was unsound in principle, and properly disregarded.

Defendants contend that, by reason of the submission to arbitrators, the plaintiff is barred from maintaining this action, and that his only remedy is upon the bond given by the defendant Sowles, to abide and perform the award. This contention is untenable. Notwithstanding the agreement not to revoke the submission, either party had the right so to do at any time before an award was made and published. *Aspinwall* v. *Tousey*, 2 Tyler, 328; *People* v. *Nash*, 111 N. Y. 310, 7 Am. St. Rep. 747. And when the submission was revoked, it was no bar to this action. Chit. on Con. 884; *Day* v. *Essex County Bank*, 13 Vt.

97. Therefore, in refusing to comply with defendants' twelfth, thirteenth and fourteenth requests, there was no error.

The action of the County Court in overruling defendants' motion to set aside the verdict on the ground that the damages were excessive, is not revisable here. *Sowles* v. *Carr*, 69 Vt. 414.

The granting of a certified execution, rested largely in the discretion of the County Court upon the facts found by it, and is not revisable in this court. *Melendy* v. *Spaulding*, 54 Vt. 517.

This disposes of all the questions raised by the exceptions in which defendants, in argument, claimed there was error, and none other are considered.

*Judgment affirmed.*

*Start*, J. dissents.