HORATIO N. GOODELL v. WILLIAM W. TOWER, NEWMAN
WEEKS and FRANK S. HASTINGS.

May Term, 1904.

Present: ROWELL, C. J., TYLER, START, WATSON, STAFFORD, and
HASELTON, JJ.

Opinion filed August 31, 1904.

*False Imprisonment—Justice of the Peace—Personal Liability — Jurisdiction—Void Complaint—Warrant—Officers—Justification—Void Precept—Pleading—Damages.*

When the warrant, under which the plaintiff was arrested, was issued
by a justice of the peace on the complaint of one who had no legal
authority to make such complaint, the justice had no jurisdiction
of the subject matter, no authority to issue the warrant, and is,
therefore, personally liable for false imprisonment.

Every restraint upon a man's liberty is, in the eye of the law, an im-
prisonment.

When an officer, having in his possession a void complaint and warrant
for plaintiff's arrest, met plaintiff, stopped him by speaking to him,
read the paper to him, told him he would have to go with the
officer, and followed him to the village, and went with him to the
place of trial, and when there informed the justice that plaintiff
was present, and made his return on the warrant, and the plaintiff
understood he was in the officer's custody, these facts show a
false imprisonment of the plaintiff.

In criminal proceedings, the complaint and warrant constitute the pre-
cept, and when the complaint showed on its face, that the justice
of the peace, who signed the warrant, had no authority to issue it,
the officer who served such precept cannot justify thereunder.

When the person who signed the complaint on which a criminal pro-
secution before a justice of the peace is based had no authority to
do so, such person, together with the justice who issued the
warrant and the officer who served it, are jointly liable for false
imprisonment.

In an action for false imprisonment, wherein it is found that plaintiff
was arrested upon a void criminal process returnable before a
justice of the peace; that the case was appealed to county court,

and there dismissed; the plaintiff may recover all his damages arising from the prosecution after his first appearance before the justice till said dismissal, as against the person who signed the complaint without authority, the justice who issued the warrant, and the officer who served it.

In an action for false imprisonment the plaintiff may recover for loss of time and for mental suffering, though same be not specially alleged.

TRESPASS for false imprisonment. Plea, the general issue. Trial by court at the September Term, 1903, Rutland County, *Munson*, J., presiding. Judgment for the plaintiff. The defendant excepted.

The return upon the warrant was signed by defendant Hastings, as constable, and stated that he "arrested the body of" the plaintiff. The finding of facts stated that the criminal case against the plaintiff was dismissed by the county court; that plaintiff did not understand that the case stood on motion to dismiss, and was in attendance with his witnesses; that "we assess the damages at $291.10, which includes all damages arising from the prosecution of the complaint subsequent to the first appearance of the plaintiff before the justice, those being the larger part of the sum allowed." The above is all that is said on the subject of damages. The opinion states the other facts.

*Butler & Moloney* for the defendants.

The facts found show no trespass. No force was used. The injury shown was not the direct result of force. The action should have been case. *Phelps* v. *Goddard,* 1 Tyler 60; *Bannister* v. *Wakeman,* 64 Vt. 203; 26 A. & E. Enc. of Law 573.

The officer can justify under the warrant. This was regular in every particular. *Bugbee* v. *Boyce,* 68 Vt. 311;

*Gage* v. *Barnes,* 11 Vt. 195; *Churchill* v. *Churchill,* 12 Vt. 661; *Carlton* v. *Taylor,* 50 Vt. 220; *McMahon* v. *Green,* 34 Vt. 70; *Hooker* v. *Smith,* 19 Vt. 151; *Bannister* v. *Wakeman,* 64 Vt. 203; *Rudd* v. *Darling,* 64 Vt. 456.

The plaintiff put this warrant into the case, hence the officer may avail himself of it in justification, under the general issue. *Allen* v. *Parkhurst,* 10 Vt. 557; *Walker* v. *Hitchcock,* 19 Vt. 634; *Briggs* v. *Mason,* 31 Vt. 433; *Richardson* v. *Stockwell,* 31 Vt. 439.

The officer cannot be held for what happened after he delivered plaintiff into the justice court and returned the warrant. His connection with the matter ended there. *Valparaiso* v. *Moffatt,* 54 Am. St. 522; *Kirkwood* v. *Miller,* 73 Am. Dec. 135; *Leach* v. *Travers,* 41 Vt. 670; *State* v. *Weed,* 21 N. H. 262.

*William W. Stickney, John G. Sargent* and *Homer L. Skeels* for the plaintiff.

Where the magistrate has no jurisdiction, all who act with him or execute his process, are trespassers. *Von Ketler* v. *Johnson,* 57 Ill. 109.

Any restraint of another's liberty is an imprisonment. *Mowry* v. *Chase,* 100 Mass. 79; *Bissell* v. *Gould,* 19 Am. Dec. 480; *Comer* v. *Knowles,* 17 Kan. 441.

TYLER, J. This action is trespass for false imprisonment. The question arises upon the complaint upon which the warrant was issued.

V. S. 5001 reads: "Sheriffs, deputy sheriffs, constables, police officers, other prosecuting officers and all officers of societies for the prevention of cruelty to animals shall prosecute violations of the preceding sections of this chapter which come to their notice or knowledge."

The complaint was made by William W. Tower, who described himself therein as "officer or agent of the Society for the Prevention of Cruelty to Animals within and for the County of Rutland," and signed it, "William W. Tower, agent," and thereupon the justice issued the warrant. It could not be maintained, and it is not insisted that Tower had authority under the statute to make the complaint as agent, therefore we are not called upon to decide whether a legally organized society of this kind might confer authority upon a certain officer to make complaint for a violation of this statute. That question does not arise.

1. As Tower had no legal authority to make the complaint, it follows that the justice had no jurisdiction of the subject matter and no authority to issue the warrant. And it is the law in England and in this country that where a justice of the peace or other inferior magistrate acts without his jurisdiction in issuing a warrant, to the injury of another person, the magistrate is personally liable. 2 Am. & Eng. Ency. 897, and cases cited. *Morrill* v. *Thurston,* 46 Vt. 732; *Carlton* v. *Taylor,* 50 Vt. at page 227; *Vaughn* v. *Taylor,* 56 Vt. 111. The rule is again recognized in *Banister* v. *Wakeman,* 64 Vt. 203, 23 Atl. 585.

2. It is contended in defendant Hastings' behalf that he did not restrain the plaintiff of his liberty. The trial court found that, having the complaint and warrant signed respectively by the other two defendants, he met the plaintiff and stopped him by speaking to him as he was driving along on a business errand, read the paper to him and told him he would have to go with him, Hastings; that the plaintiff told the officer that he would have to get some one to take his team; that the officer permitted him to do his errand, but directed him to return as soon as he could; that the plaintiff then drove

along; that Hastings became impatient, and went to meet him, turned in behind the plaintiff's team and followed him to the village; that he went to the place of trial with the plaintiff, delivered the paper to the justice and informed him that the plaintiff was present; that this was all that Hastings did besides making his return upon the warrant; that he understood that the plaintiff was in his custody.

The action of the officer constituted a false imprisonment of the plaintiff. It was not necessary that he should lay his hands upon him. It was sufficient that the plaintiff was within his power and submitted to the arrest. *Mowry et al.* v. *Chase,* 100 Mass. 79. Every restraint upon a man's liberty is, in the eye of the law, an imprisonment, wherever may be the place or whatever may be the manner in which the restraint is effected. 2 Kent's Com. 26. And see *Pike* v. *Hanson,* 9 N. H. 491, cited in the notes, where it was held that words may constitute an imprisonment, if they impose a restraint upon the person, and he is accordingly restrained and submits. The law is so well settled upon this subject that it is hardly necessary to cite authorities, but the notes in *Bissell* v. *Gould,* 19 Am. Dec. 480, 1 Wend. 210, are interesting and clearly elucidate the rule that to constitute an arrest there must be some real or pretended legal authority for taking the party into custody; that he must be restrained of his liberty; that if he submits and is within the power of the officer it is sufficient without an actual touching of his person. This is the rule laid down by SAVAGE, C. J., in the main case, and it has not been departed from in recent authorities.

3. Defendant Hastings contends that it was within the jurisdiction of the justice to issue such a warrant, that the justice instructed him to serve it, and as it appeared to be in proper form, he was justified in making the arrest. But the

complaint and warrant constituted the precept, and the complaint being signed by Tower as agent, it was apparent upon its face that the justice had no authority to issue the warrant. *Sartwell* v. *Sowles & Ladd,* 72 Vt. 270. The case does not fall within the rule that an officer is justified for his actions within the scope of the command of a process appearing on its face to have been regularly issued, as was held in *Pierson* v. *Gale, et al.* 8 Vt. 509; 30 Am. Dec. 487. The justice had no more authority to issue a warrant upon this complaint than he would have had if the complaint had not been signed at all, and it is well settled that while an officer may justify an arrest upon a process that is voidable only, he is liable for false imprisonment when the process is absolutely void for want of jurisdiction in the justice or for other cause. *Boeger* v. *Langenberg,* 10 Am. St. R. 322 and notes; *Mitchell* v. *State,* 54 Am. Dec. 253 and notes. There is also a full discussion of this subject in the opinion and notes in *Savacool* v. *Boughton,* 21 Am. Dec. 181 and in 12 Am. and Eng. Ency. 744. This rule was recognized by this court in *Churchill* v. *Churchill,* 12 Vt. 661, and in *Tenney* v. *Harvey & Smith,* 63 Vt. 520, 22 Atl. 659.

4. Upon the authorities all the defendants are liable. It is laid down in 2 Add. on Torts, 41, that: "All persons aiding and assisting in the unlawful confinement of another are responsible in damages for the trespass, although they had nothing to do with the original arrest, and had no knowledge that the arrest and imprisonment were unlawful at the time they had a hand in it." In the notes this author says that a person who aids or abets an unlawful arrest is liable for false imprisonment. It was held in *Bissell* v. *Gould, supra,* that all persons who are concerned in an illegal arrest are trespassers. In 12 Am. & Eng. Ency. 751, the rule is stated and supported

by many authorities cited in the notes that: "A person who causes, instigates and procures an unlawful imprisonment is liable in damages therefor. Although, it has been held, the defendant himself did not in person impose the restraint upon the plaintiff, if he is the moving cause of the imprisonment he will be held responsible for it." *Von Ketler* v. *Johnson,* 57 Ill. 109, cited by plaintiff is an authority upon this point.

The case shows that the plaintiff was tried by a jury in the justice's court, convicted and fined, and that he appealed the case to the county court, where it was finally dismissed.

5. We are unable to find from the record that all the damages found for the plaintiff in the trial court were not the natural and proximate result of the defendants' wrongful acts. The plaintiff was entitled to compensation for loss of time, and for mental suffering without a special allegation.

*Judgment affirmed.*