CHAUNCEY P. HAZEN *v.* WILLIAM A. CRELLER.

May Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 19, 1910.

*Criminal Law—Complaint—Signing—Sufficiency—False Impris-
onment—Justification Under Process—Warrant.*

Where a complaint to a justice of the peace is wholly printed or type-
written, the statement in the body thereof, "Comes William Creller,
constable, * * * * and makes complaint," is not a signing of the
complaint by him.

The complaint is the basis of a prosecution begun by an informing
officer, and must show on its face that it is presented by one having
the proper authority.

Where the complaint, on which a justice of the peace issued the war-
rant for arrest thereto attached, was signed by no one, the justice

had no jurisdiction of the subject-matter and no authority to issue the warrant, and that being apparent on the face of the precept, the latter afforded no justification to the officer who served it, when sued for false imprisonment by making the arrest therein commanded.

TRESPASS for false imprisonment. Pleas, the general issue, and a special plea justifying under legal process. Heard on demurrer to the special plea at the January Term, 1910, Grand Isle County, *Hall,* J., presiding. Demurrer overruled, *pro forma,* plea adjudged sufficient, and judgment for defendant to recover his costs. The plaintiff excepted. The opinion states the case.

*Furman & Webster* for the plaintiff.

*V. A. Bullard* for the defendant.

WATSON J,. The complaint upon which was issued, and to which was attached, the warrant on which the plaintiff was arrested by the defendant is in the usual form presented by informing officers. It was directed to the justice of the peace who issued the warrant, but it was signed by no one. The body thereof states, "Comes William Creller, constable within and for the State of Vermont, elected from and by the town of Alburg, in his proper person and on his oath of office and makes complaint," etc.

The plaintiff contends that the complaint and warrant were void because (1), the defendant was not authorized by law to make complaint; and (2), the complaint was not signed by any informing officer. In answer to the first objection the defendant says that as a duly elected and qualified constable of the town of Alburg he had the power to make such complaint for the offence charged, under the provisions of section 5818 of the Public Statutes; and in answer to the second objection, that the statement in the body of the complaint, "comes William Creller, constable," etc., is a sufficient signing by him to answer the requirements of the law.

Assuming but not deciding that constables have the authority of informing officers under that section of the statute, yet, with

the exception of a single word interlined and not material here, the body of the original complaint is wholly printed or typewritten, and in no sense can the defendant's name thus appearing therein be construed as a signing of the complaint by him. It is said in *State* v. *Soragan*, 40 Vt. 450, that as the complaint is the basis of the conviction, the authority of the informing officer is fundamental to the proceedings; and that it is indispensable that the complaint should show on its face that it is presented by one having the proper authority.

The complaint being signed by no one, in effect it was made by no one. Consequently the justice had no jurisdiction of the subject-matter and no authority to issue the warrant. *Goodell* v. *Tower*, 77 Vt. 61, 58 Atl. 790, 107 Am. St. Rep. 745. And since this want of authority was apparent on the face of the precept, the latter can afford no justification to the defendant acting under it. *Goodell* v. *Tower; Sartwell* v. *Sowles*, 72 Vt. 270, 48 Atl. 11, 82 Am. St. Rep. 943.

*Judgment reversed, demurrer sustained, special plea adjudged insufficient, and cause remanded.*