444

WILLIAMS v. FRANZONI.
Civ. A. No. 1568.

United States District Court
D. Vermont.
April 14, 1954.

Abatiell, Radigan & Delliveneri, Rutland, Vt., for plaintiff.

Christopher A. Webber, Rutland, Vt., for defendant.

GIBSON, District Judge.

This is an action for false imprisonment based, according to the complaint, upon the following circumstances: Plaintiff, an enlisted member of the Armed Forces of the United States, was arrested by two Deputy Sheriffs of Rutland County of the State of Vermont, on writs of attachment and capias (mesne process) in two civil actions issuing out of Rutland County Court. After confinement for twenty-two days, the plaintiff was released by order of the County Court following habeas corpus proceedings. This action is brought against the Sheriff of Rutland County for the action of his deputies.

Plaintiff bases his complaint on an alleged violation by the deputies of 10 U.S.C.A. § 610, which provides, in part, as follows: "No enlisted man shall, during his term of service, be arrested on mesne process, or taken or charged in execution for any debt, unless it was contracted before his enlistment, and amounted to $20. when first contracted." The latter half of the statute is not here involved, since the process on which plaintiff was arrested arose out of post-enlistment claims and exceeded the statutory amount. In effect, plaintiff's entire claim rests on the clause "No enlisted man shall, during his term of service, be arrested on mesne process  *  *  *."

The defendant has moved to dismiss the action on the ground that the statute affords no remedy to plaintiff against the defendant he has elected to sue.

It cannot be doubted that in Vermont the County Sheriff is liable for the misfeasance of his deputies. Section 3476, Vermont Statutes (1947). The only question here is whether, in the light of the Federal Statute, there was a misfeasance for which the Sheriff is liable.

It appears to be the general rule that an officer is justified in effecting an arrest when the capias process upon which he acts is valid upon its face. Where the process proceeds from a court having authority to issue such process, when the process is legal in

formal details and has nothing upon its face which would fairly warn the server that it is defective, the officer is protected from irregularities existing behind the process. Pierson v. Gale, 8 Vt. 509; 22 Am.Jur. 400.

The form of a writ of attachment and capias is set forth as Form 1 in Section 10,610 Vermont Statutes (1947). Directed to a sheriff, constable or indifferent person, it provides—" * * * you are hereby commanded to attach the goods, chattels or estate of A. B. * * and, for want thereof, take his body * * *." The command to the sheriff is clear and unambiguous; and in support thereof, statutes of this jurisdiction which date back to 1797 provide as follows:

"Sheriffs shall receive all writs and precepts issuing from lawful authority at any time and place within their respective precincts, unless they can show reasonable cause to the contrary, and shall execute and return the same agreeably to the direction thereof." Section 1535 Vermont Statutes (1947).

"A sheriff who wilfully refuses or neglects to serve or return such writ or precept, or who makes a false or undue return, shall be fined not more than $100.00 with costs and shall pay to the party aggrieved damages sustained thereby." Section 1536 Vermont Statutes (1947).

■ It is not contended that the process here in question was defective upon its face. This being the case, the deputy sheriffs were bound under Vermont law to effect service of the process. See Gross v. Gates, 109 Vt. 156, 163, 194 A. 465. There being no defect in the process, the acts of the deputy sheriffs in arresting the plaintiff were proper. It may be that the person who sued out the original process—or his attorney— are liable to this plaintiff for causing his arrest on mesne process while he was an enlisted member of the Armed Forces; as to this, I express no opinion. But it is the opinion of this Court that the present action cannot be maintained against defendant Franzoni, since his deputies, in arresting the plaintiff on mesne process, were carrying out the mandate of a writ lawfully issued from a court having authority to issue such process.

Defendant's motion to dismiss is granted. Let entry be made accordingly.