Charles R. WILLIAMS, Plaintiff-
Appellant,

v.

Geno H. FRANZONI, Defendant-
Appellee.

No. 55, Docket 23148.

United States Court of Appeals
Second Circuit.

Argued Oct. 11, 1954.

Decided Dec. 3, 1954.

Abatiell, Radigan & Delliveneri, Rut-
land, Vt. (David W. Kahn, William M.
Kahn, New York City, of counsel), for
plaintiff-appellant.

Christopher A. Webber, Rutland, Vt.,
for defendant-appellee.

Before CHASE, MEDINA and HAR-
LAN, Circuit Judges.

CHASE, Circuit Judge.

Charles R. Williams, a citizen of New
York, was arrested on January 4, 1951,
within the County of Rutland, Vermont,
by two deputies of the Sheriff of Rut-
land County on three writs in civil ac-
tions issued by the Rutland County
Court. That court is one of general
jurisdiction and its jurisdiction over
the causes of action and each of the
processes is clear. The arrest was made
in all respects pursuant to the command
of the writs and thereafter the defend-
ant in the action, thus arrested, was
held in custody in Rutland County jail,
also pursuant to the command of the
writs, for twenty-two days, being then
discharged on a writ of habeas corpus.

Following that, he brought this suit
to recover from the sheriff, who is
legally responsible for the acts of his
deputies, the damages alleged to have
been suffered on account of his arrest
and imprisonment. The complaint al-
leged that the plaintiff was, when ar-
rested and imprisoned, an enlisted man
on active service "in the United States
Air Force, a component of the Army
of the United States" and that the
sheriff's deputies "failed to obey the
provisions of law in the manner of serv-
ing said writs, but to the contrary, by
making said arrests, violated the provi-

**534**

sions of Section 610, Title 10, of the United States Code Annotated, then in full force and effect and providing that, 'no enlisted man shall during his term of service be arrested on mesne process.'" There is no allegation, however, that the officers acted with malice or that the fact that the defendant named in the writs was an enlisted man was shown by any of the writs the sheriff's deputies were serving when they arrested him or that they purported to be other than writs issued by an authorized officer of the court.

Under Section 1535 of the Vermont Statutes (1947) a sheriff is bound to receive, execute and return "all writs and precepts issuing from lawful authority" and under Section 1536 he is liable to a fine and for damages if he fails so to do.

■ This appeal is from an order, 120 F.Supp. 444, granting the defendant's motion, before trial, to dismiss the complaint for failure to state a cause of action and, as jurisdiction is based entirely on diversity, of course the law of Vermont is controlling under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

The decisions of the Supreme Court of Vermont in cases raising issues as to false arrest and imprisonment on mesne process fall into two distinct classifications: those dealing with suits brought against a party at whose instance the process was issued and those brought against the officer who served the process. We need not be concerned with those in which plaintiffs in the original suits are sued for false arrest and imprisonment [1] and turn at once to those in which the serving officer is sued as was, in effect, done here.

■ The Vermont law applicable to the situation here presented, as shown by the decisions of its highest court, makes the liability of an officer serving mesne process by an arrest pursuant to the command of the precept when, as here, the process conforms in kind to that which the court has jurisdiction to issue depend on whether there is a defect discoverable by an examination of the process itself which makes it void. If there is such a defect "apparent on its face" the officer is liable for an arrest made pursuant to such process. Hazen v. Creller, 83 Vt. 460, 76 A. 145. The effect is the same as though the process had issued from a court without jurisdiction. Goodell v. Tower, 77 Vt. 61, 58 A. 790; Tenney v. Harvey, 63 Vt. 520, 22 A. 659; Sartwell v. Sowles, 72 Vt. 270, 48 A. 11.

■ But when the process is one which the court has jurisdiction to issue and it is "fair on its face", as all of these writs were, an arrest made pursuant to its command does not impose any liability for false arrest and imprisonment under Vermont law. This was recognized in Pierson v. Gale, 8 Vt. 509, and what was said in Gage v. Barnes, 11 Vt. 195, has remained the Vermont rule applicable to such cases as this: "It is a principle, long since settled, that a process, which is good upon the face of it, is a sufficient justification to the officer who executed it. This doctrine is based upon the soundest reason. Perilous, indeed, would be the condition of officers, if they were bound to look beyond their process, and to ascertain whether there was not some extrinsic matter to render it void, before they could proceed to execute it with safety." This principle controlled decision in Churchill v. Churchill, 12 Vt. 661 and it is one of general application. Bohri v. Barnett, 7 Cir., 144 F. 389; Restatement of Torts, Section 122.

Affirmed.

1. See Adams v. Whitcomb, 46 Vt. 708.