GEORGE H. FLANAGAN, Appellee, *vs.* THE CHICAGO CITY
RAILWAY COMPANY, Appellant.

*Opinion filed December 22, 1909—Rehearing denied Feb. 3, 1910.*

1. NEGLIGENCE—*when question of street car company's negligence is for the jury.* The question of the defendant street car company's negligence is for the jury, where the evidence favorable to the plaintiff tends to show that defendant's street car, which was running rapidly in the dark without a headlight and without giving warning signals, struck the covered delivery wagon of plaintiff, who testified that he looked in the direction from which the car came before starting to drive diagonally across the defendant's double track but saw and heard no car.

2. SAME—*what is not contributory negligence as a matter of law.* A driver of a covered delivery wagon who looks before starting to drive diagonally across double street car tracks but does not see or hear any car coming is not, as a matter of law, guilty of contributory negligence in assuming that in the brief time it will take him to cross the tracks a car having no headlight and not sounding signals will come rapidly from the direction in which he looked and strike the wagon before he is entirely across the tracks.

3. SAME—*evidence cannot be weighed on motion to direct verdict.* The contention that it would have been impossible for the plaintiff not to have seen the car which struck him had he looked, as he testified he did, or that if he did look and failed to see the car it was gross carelessness, amounts merely to a claim that the testimony of the plaintiff was not true, which is a question the trial court, on motion to direct a verdict, and a court of review in passing on the trial court's action on the motion, cannot consider.

4. SAME—*an unavoidable accident is necessarily one occurring without negligence.* It is not necessary to give an instruction stating that the defendant in a personal injury case is not liable if the jury believe, from the evidence, that the accident was unavoidable, where other instructions require the plaintiff to prove negligence by defendant before he can recover, since such requirement eliminates the possibility of recovery for an unavoidable accident, which is necessarily one occurring without negligence.

5. INSTRUCTIONS—*refused instruction must be accurate to warrant a reversal.* A refused instruction must be accurate in order to render its refusal ground for reversing a judgment which is otherwise apparently free from error.

6. SAME—*when instruction as to displaying lights is inaccurate.* An ordinance making it unlawful for the driver of any wagon or

vehicle to use the streets of the city between specified hours "without having displayed * * * one or more lights or lanterns," does not authorize an instruction requiring the driver of a wagon to have a light displayed "upon his wagon."

DUNN and CARTWRIGHT, JJ., dissenting.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

CALHOUN, LYFORD & SHEEAN, for appellant.

BULKLEY, GRAY & MORE, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This appeal is from a judgment of the Appellate Court affirming a judgment recovered in the circuit court of Cook county by the appellee, against the appellant, for personal injuries. The errors assigned are the denial of appellant's motion to direct the jury to return a verdict in its favor and the refusal to give certain instructions which were asked by the appellant.

Appellee's injuries were received in a collision between a street car of appellant and a baker's wagon which appellee was driving. The accident occurred on Forty-seventh street, in the city of Chicago, between three and four o'clock on the morning of April 24, 1903. Appellant operates a double track street railroad in Forty-seventh street, running east and west, the north track being used for westbound cars and the south track for east-bound cars. The negligence charged in the various counts of the declaration is, that appellant wholly neglected, failed and refused to stop the car or slacken its speed so as to enable appellee to safely cross the track, and that it so carelessly and improperly ran and managed the car that by and through the negligence and improper conduct of the servants of appel-

lant, appellee was run against and injured; that appellant ran the car at a high rate of speed without sounding a gong, ringing a bell or giving any other signal of the approach of the car, and that appellant ran and operated its car without a light or lighted headlight.

The appellee stopped his wagon to make a delivery of goods on the south side of Forty-seventh street, about three doors west of Wallace street. He testified that when he returned to his wagon he looked east but did not see or hear a street car approaching. He then got into his wagon and started west on Forty-seventh street, intending to cross to the north side of the street, where he expected to make another delivery about 230 feet west of where his wagon had been standing. The horse walked in a north-westerly direction about sixty feet across the rails of the east-bound track and the space between the two tracks, and had reached a point where the horse and at least half of the wagon had crossed in safety the west-bound track, when the wagon was struck by a street car going west on that track. It was a misty morning, and no gong was sounded nor any signal given of the approach of the car. The horse was thrown down, the wagon was turned over and shoved about thirty-six feet, and appellee was thrown to the pavement on the north side of the street. One of the passengers in the car, who was called as a witness by appellant, testified that he heard no signal given or gong sounded before the crash and there was nothing to call his attention to the danger until the crash came. The motorman in charge of the car testified that when he first saw the wagon it was near Wallace street, thirty-five or forty feet ahead of him, going west on the south track; that he was going about twelve miles an hour, and at that rate could stop in forty or fifty feet; that he rang the gong, and when the car was about fifteen or twenty feet from the wagon he saw the horse turn into the north track, and he then applied the brakes; that the first thing that took place after shutting off the

power and applying the brakes was the bump of the car against the wagon. Under this evidence it was a question of fact for the jury to determine whether, at the time and under the circumstances, the car was operated at a dangerously high rate of speed and whether any signal was given to appellee of the approach of the car.

It is insisted that it is negligence, as a matter of law, for the driver of an enclosed wagon to drive his horse at a slow walk along a public street on which cars run, and in the middle of the block attempt to cross one of the tracks over which he knows a street car daily passes at about that hour, without looking for such car or making any effort to ascertain its whereabouts. The appellee testified that before he got into the wagon he looked east for a car and saw none coming; that when he got into the wagon he did not drive along the south side of the street and then turn directly across the tracks, but that he drove diagonally, in a north-westerly direction, across the tracks, and that he had gone only sixty feet when he was struck. If this testimony was true, then it might fairly be argued that he could reasonably assume, without being guilty of a want of ordinary care, that the appellant would not, in the few seconds he would be engaged in crossing the track, run a car in the darkness along the street at a high rate of speed without a headlight and without giving any signal of its approach.

Counsel for appellant insist that not only is it possible to see a car lighted as they claim this one was, at the distance they claim it was when appellee testified he looked, but that it would be gross carelessness to fail to see it. Therefore they say this is conclusive that appellee either did not look at the time he claimed he did, or that if he did look he saw the car,—that is, that his testimony is not true. Even if we should be inclined to agree with them in their conclusion, if we were authorized to weigh the evidence, that argument is conclusive that the court properly overruled the motion to direct a verdict so far as this point

is concerned.  On such a motion the court does not weigh the evidence.

The court refused to give to the jury, on behalf of the appellant, the following instruction:

"The court instructs the jury that as the plaintiff was about to cross the tracks of the defendant in Forty-seventh street the law placed upon the plaintiff, and upon the employees of the defendant in charge of the car in question, the same legal duty, viz., the duty of exercising ordinary care to avoid a collision.  If, therefore, you find, from the evidence, that a want of ordinary care on the part of the defendant's employee in charge of said car and a want of ordinary care of the plaintiff combined to bring about the accident, and that a want of ordinary care on the part of both of the said employees and of the plaintiff contributed proximately to such accident, then, in such case, you should find the defendant not guilty."

The instruction announced a correct rule of law applicable to the case.  It was, however, not error to refuse it, because by the eighth instruction given on behalf of appellant, read in connection with the series, the same rule was stated to the jury in substance.

Appellant requested an instruction that there was no liability for an unavoidable accident, and that if the jury believed, from the evidence, that, so far as appellant was concerned, the accident was unavoidable they should find the defendant not guilty.  The court instructed the jury that the burden of proving negligence of the defendant was on the plaintiff; that this rule must govern the jury in deciding the case, and that if by this rule the plaintiff had failed to establish his case, it was the duty of the jury to find the defendant not guilty.  An unavoidable accident is necessarily one occurring not because of negligence.  The requirement of proof of negligence therefore eliminates the hypothesis of unavoidable accident, and it was not error to refuse to give the instruction.

The court refused appellant's request to give to the jury the following instruction:

"The court instructs the jury, as a matter of law, that under the ordinance of the city of Chicago which is in evidence in this case it was negligence, as a matter of law, for the plaintiff to drive upon Forty-seventh street at the time and place in question without having displayed upon his wagon one or more lights or lanterns. If, therefore, you believe, from the evidence, that the plaintiff, at the time and place in question, did not have displayed one or more lights or lanterns upon his wagon, and if you further believe, from the evidence, that such failure, if any, on the part of the plaintiff contributed in any degree to bring about the collision in question, it is your duty to find the defendant not guilty."

By appellant's instructions Nos. 2, 3, 4, 5, 6, 8 and 9 which were given, the jury were told, in varying forms of words, over and over, that if the plaintiff had failed to prove that he was in the exercise of due care, or if he was guilty of any negligence which contributed to his injury, he could not recover. These instructions were broad enough to submit the question to the jury whether appellee was guilty of contributory negligence in respect to displaying a light. In view of the instructions given on the subject of contributory negligence it seems inconceivable that the appellant could have been injured by the failure of the court to give another instruction if the one refused was free from criticism. But the refused instruction was liable to mislead the jury. The first clause of the instruction clearly assumes that the appellee drove upon Forty-seventh street at the time and place in question without having displayed upon his wagon one or more lights or lanterns. The language of the instruction is: "The court instructs the jury, as a matter of law, that under the ordinance of the city of Chicago which is in evidence in this case it was negligence, as a matter of law, for the plaintiff to drive

upon Forty-seventh street at the time and place in question without having displayed upon his wagon one or more lights or lanterns." This clause of the instruction being a complete affirmative statement, in which it is assumed that appellee had no light upon his wagon, was liable to give the jury the impression that the court either disbelieved appellee's testimony as to the light, or that it did not, in the opinion of the court, show a compliance with the ordinance.

But it is said that this clause of the instruction is cured by what follows. This, we think, may well be doubted. But even if this contention be conceded, the instruction is not strictly accurate in another respect. The ordinance upon which the instruction is predicated makes it "unlawful for any owner or driver of any wagon, truck, dray, cart, carriage, cab, omnibus, bicycle or other wheeled vehicle to use the streets of the city of Chicago without having displayed, after the hours of eight P. M. during the period commencing April 1 and ending October 31, and after six P. M. during the period commencing November 1 and ending 31st of March, one or more lights or lanterns." It will be noted that the ordinance does not require that a light or lantern be displayed in any particular place or in any particular manner, while the instruction requires that such light shall be displayed "upon his wagon." The evidence shows that the light which appellee had was not upon his wagon,—that is, not upon the outside,—but inside the box or top of his vehicle. Before this court would be warranted in reversing a judgment which is apparently otherwise free from error for a failure of the court to give an instruction, such refused instruction should be accurate. There was no error in refusing this instruction.

There are no other reasons urged for a reversal of this judgment.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*

DUNN and CARTWRIGHT, JJ., dissenting:

The refused instruction concerning the ordinance in effect informed the jury that if the plaintiff, at the time of his injury, was violating an ordinance of the city, and if such violation contributed to cause the collision, the plaintiff was guilty of negligence as a matter of law and could not recover. The ordinance in question was a part of the law of the municipality, and within its limits had the same force and effect as an act of the legislature. (*Hope* v. *City of Alton,* 214 Ill. 102; *Mason* v. *City of Shawneetown,* 77 id. 533.) One violating its provisions was therefore engaged in an unlawful act, and if by another's negligence he sustained an injury to which his own unlawful act contributed, he cannot recover on account of the other's negligence. In the absence of an ordinance it is a question of fact whether the use of the streets at night with an unlighted vehicle is negligence, but after the passage of an ordinance prohibiting it such use becomes unlawful, and, of itself, negligent. "A statute commanding an act to be done creates an absolute duty to perform such act, and the duty of performance does not depend upon and is not controlled by surrounding circumstances. Non-performance of such statutory duty, resulting in injury to another, may therefore be pronounced to be negligence as a conclusion of law." *Terre Haute and Indianapolis Railroad Co.* v. *Voelker,* 129 Ill. 540; *Chicago and Eastern Illinois Railroad Co.* v. *Mochell,* 193 id. 208.

The giving of general instructions that the plaintiff could not recover if he was guilty of negligence which contributed to his injury could not take the place of this instruction, because they submitted to the jury, as a question of fact, what conduct amounted to negligence, while this instruction informed them, as a matter of law, that certain conduct was negligence. Instructions submitting a question of fact cannot answer the purpose of an instruction announcing a rule of law. Appellee's wagon was closed, with

curtains at the side and rear, and the only light about it was a lantern on the inside of the curtains, at one side and above the driver's seat. There was no evidence tending to show that appellee had any light displayed as required by the ordinance, and it was therefore not improper to assume that no light was displayed. In our opinion the instruction applied a correct proposition of law to the facts of the case, and it was error to refuse to give it.