FRANK A. LARROW *v.* GEORGE MARTELL AND PAUL D. COBB.

May Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed November 8, 1918.

*Words and Phrases—''Unavoidable Accident—Pure and Simple Accident''—Charge of the Court—Not Error to Charge Specifically on Subject Included in Charge Given—Certified Execution—When Granting of Same Will Not Be Reviewed.*

The words "unavoidable accident" and "pure and simple accident," as applied to collisions, exclude the idea of negligence.

Where, in an action for personal injuries received in a collision, the court instructed the jury that if the defendant used the care and

prudence of a prudent man, and therefore was not negligent, the
verdict must be for him, it was not error to fail to charge specific-
ally with reference to the law of unavoidable accident, as that
subject was necessarily involved in the instructions given.

When the evidence, if believed, entitled the plaintiff to a certified exe-
cution, this Court cannot revise the action of the trial court in
awarding the same.

ACTION OF TORT to recover for personal injuries and prop-
erty damage. · Trial by jury at the September Term, 1917,
Windham County, *Stanton,* J., presiding. Verdict and judg-
ment for the plaintiff. The defendant Martell excepted. The
opinion states the case.

*Herbert G. Barber* and *Frank E. Barber* for the defendant.

*Robert C. Bacon* for the plaintiff.

WATSON, C. J. This is an action of tort to recover for in-
juries to person and damages to property. During the course
of the trial the case was discontinued as to defendant Cobb, and
we hereinafter use the word defendant as referring to Martell
only. The verdict was for the plaintiff. The case is here on de-
fendant's exceptions.

The act of defendant of which complaint is made, was done
within the limits of the incorporated village of Brattleboro, and
at the intersection of Frost, Flat, and Elm streets, which intersec-
tion makes four corners, though not all right-angled. Elm
street runs northerly and southerly, extending each way beyond
·such intersection. At approximately right angles therewith is
Flat street running easterly, and Frost street running westerly.
At the time in question the plaintiff was driving a horse and
road cart westerly on Flat street, intending to make a left-about
turn within the four corners; and the defendant was operating
an automobile on Elm street, going northerly toward and over
the crossing of this intersection. When the plaintiff was within ·
the four corners, the exact place being in dispute, the automobile
operated by the defendant ran against the plaintiff's cart, re-
sulting in the damage to it, and in the injuries to the plaintiff,
complained of. No question as to contributory. negligence by

the plaintiff is presented, the exceptions taken to the charge of the court upon that branch of the case not being briefed.

Defendant excepted to the failure of the court to instruct the jury that if this was an unavoidable accident, that is, if it was what is known "as a pure and simple accident," the plaintiff could not recover, even though he received an injury; and in his brief defendant says the court properly instructed the jury on the questions of negligence and contributory negligence as far as it went, but that it did not go far enough, for the law in regard to unavoidable accident, and its application to and effect upon the rights of the parties, were not explained.

To be an unavoidable accident as to the defendant, it must have occurred without any proximate negligence on his part. Exclusive of contributory negligence of the plaintiff, the test of liability is not whether the injury was accidental, but whether the defendant was at fault. *Vincent* v. *Stinchour,* 7 Vt. 62, 29 Am. Dec. 145; *Judd* v. *Ballard,* 66 Vt. 668, 30 Atl. 96. The words "mere accident," and "pure accident," have been held to exclude the idea of negligence (*Ulman* v. *Chicago, etc., Ry. Co.,* 112 Wis. 150, 88 N. W. 41, 88 Am. St. Rep. 945), and we think the words "pure and simple accident," are to be understood as having the same significance.

It appeared that the automobile was provided with a suitable horn for signaling, but the defendant did not give any signal with it, nor with any other device for signaling, when approaching the crossing of the intersection of streets where the collision took place.

The plaintiff's evidence tended to show that he came down on the north side of Flat street, and was west of the center line of Elm street and north of the center line of Flat street, when struck by the automobile; that when the car first came in sight of the plaintiff (and inferentially when the plaintiff's team first came in sight of the defendant), the car was 75 or 80 feet away, was running at a rate of speed from 20 to 30 or 35 miles an hour, and did not slacken in speed before it collided with the plaintiff's cart; that when the car struck plaintiff's team, his horse was standing still or just moving westerly; that, seeing the car coming, the plaintiff raised his left hand and holloed to defendant, and went to gather up his reins to move along, but before he could get his reins gathered up the car struck him; and that, going northerly as was the defendant, there was ample room for

the car to pass on the right-hand (east) side of plaintiff's team, there being a clear space of between 20 and 25 feet, and still be within the limits of Elm street, to say nothing of the further room resulting from the intersection of Flat street.

The defendant's evidence tended to show that the place of the collision was practically in the center of the intersection of Flat and Elm streets, on the east side of the latter; that he was running the car on the east (his right-hand) side of Elm street; that as he came past the building on the corner of Elm street (being the southwest corner of Flat street) he saw the plaintiff just leaving the northwest corner of Flat street (going west), whereupon defendant turned the car to the right and, within a second or two, the plaintiff was struck by the left side of the car; that, on seeing the plaintiff, the defendant slowed down the car as much as he could; that in approaching the crossing, instead of using the horn, he relied upon the noise made by the car as a means of signaling, the muffler cut-out being open and the noise such that it could be heard for a long distance away. Some of the defendant's evidence, including his own testimony, tended to show that in coming along Elm street, and to the time of the collision, the automobile was not running at a rate of speed exceeding ten miles an hour, and that plaintiff's horse was going at the rate of twenty miles an hour; while some of his evidence tended to show that the car was running at a speed not exceeding fifteen miles an hour at the time of the collision, and that plaintiff's team was then standing still, the plaintiff holloing and his arms outstretched. A written statement of the accident, signed by defendant within a week after its occurrence, was put in evidence, in which he stated that he was driving the automobile about twenty miles an hour.

The court charged the jury that the burden of proof was with the plaintiff, and if they found on all the evidence that on the occasion in question, while the defendant was proceeding over Elm street immediately up to, and at the point of, the accident, he used the care and prudence of a prudent man, and therefore was not negligent, their verdict must be for the defendant. As before observed, no fault is found with this part of the charge. It is said, however, that the court should have gone further and instructed the jury with reference to the law of unavoidable accidents. But the law of such accidents was, as to the defendant, involved in the instruction given, that in order to

recover the plaintiff must show negligence on the part of the defendant, and failing this, the verdict must be for defendant. This eliminated the possibility of a recovery if the jury should find an unavoidable accident, and the exception is without merit. In *Sowles* v. *Moore et al.*, 65 Vt. 322, 26 Atl. 629, 21 L. R. A. 723, the plaintiff sought to recover the value of a pair of horses which were drowned in Lake Champlain, through the alleged negligence of the defendants in not properly guarding an opening in the lake where they had been taking ice near a line of public travel. The plaintiff's evidence tended to show that the horses, when being driven on the lake, became frightened, escaped from the driver, and ran into the opening which was but little guarded. On plaintiff's exception to the charge, the court said the question whether the horses were in such fright and running at such speed that they would have been turned from their course by such guards as reasonably prudent men would have erected, was a material question of fact for the jury to decide before they could say whether defendants' negligence in respect to the guard was the cause of the casualty, and that both questions were involved in the instruction that the plaintiff must make out "that the horses were drowned by reason of the failure of the defendants to properly guard the hole." The judgment was affirmed. In the case of *Flanagan* v. *Chicago City Ry. Co.*, 243 Ill. 456, 90 N. E. 688, the question here presented was raised by the court's refusal to charge as requested, and a similar holding was had.

Exception was taken to the granting of the motion for a certified execution, on the ground, in short, that the evidence did not warrant the finding by the court that "the cause of action arose from the wilful and malicious act of the defendant, and for wilful and malicious injuries to the person and property of the plaintiff, and defendant ought to be confined in close jail." It is enough to say that the evidence particularly noticed above, if believed in its most favorable light to the plaintiff, afforded a sufficient basis for the finding. Whether the evidence should be so believed was a matter resting wholly with the trial court, and its decision based upon the finding of such facts is not revisable here. *Melendy* v. *Spaulding*, 54 Vt. 517; *Sheeran* v. *Rockwood*, 67 Vt. 82, 30 Atl. 689; *Sartwell* v. *Sowles*, 72 Vt. 270, 48 Atl. 11, 82 Am. St. Rep. 943.

*Judgment affirmed.*