## EASTERN TEXAS ELECTRIC CO. v. HUNSUCKER.   (No. 649.)

(Court of Civil Appeals of Texas. Beaumont.
March 9, 1921. Rehearing Denied
April 27, 1921.)

**1. Trial ⬦260(7)—Instruction on "unavoidable accident" properly refused, in view of instruction given.**

In an action for the killing of cattle which were struck by an electric interurban car, an instruction on pure or unavoidable accident, which defined pure accident as an unavoidable accident, was properly refused, in view of the fact that the court defined negligence, and the jury found defendant guilty of negligence (citing Words and Phrases, Second Series, Unavoidable Accident).

**2. Trial ⬦365(2) — Error in special issue cured by another special issue.**

Where the question whether railroad company's negligence was the proximate cause was otherwise submitted, a special issue as to whether an interurban car was operated at a negligent rate of speed, was not objectionable, on the ground that the speed may not have been the proximate cause.

**3. Trial ⬦260(7)—Refusal of special charge as to speed of car harmless in view of charge.**

In an action for the killing of cattle, where the jury in response to a special issue found that an interurban car was operated at a negligent rate of speed, the refusal of a special requested charge that if the motorman was operating the car at a rate of speed that an ordinarily prudent person would have operated the same they would answer in the negative the special issue submitting the question of negligent speed, was harmless; the court having in its main charge defined negligence, and

having given defendant's special charges defining proximate cause and directing a finding on whether the speed was the proximate cause.

**4. Railroads ⬦443(1)—Finding of negligent speed of car killing stock warranted.**

In an action for the value of cattle killed by an interurban electric car, a finding that the car was operated at a negligent rate of speed *held* warranted.

**5. Appeal and error ⬦1027—Errors not affecting result harmless.**

Where on a ground of negligence disassociated from others the jury in response to special issue found defendant guilty of negligence, judgment for plaintiff will be upheld, regardless of errors which went merely to other grounds of negligence.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by L. D. Hunsucker against the Eastern Texas Electric Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Orgain & Carroll, of Beaumont, for appellant.

Crook & Lord, of Beaumont, for appellee

O'QUINN, J. Appellee, as plaintiff below, sued appellant for the value of two cows alleged to have been killed by the baggage car of appellant, operated between Beaumont and Port Arthur on the interurban track of appellant, and as a basis for recovery alleged that the motorman operating said car, as he approached said crossing, failed to give the crossing signals, was operating said car at a dangerous rate of speed, failed to keep a lookout for cattle about the crossing, and that after discovering the cattle failed to reduce the speed of the car. Defendant answered by general denial. The case was submitted to the jury on special issues, all of which the jury answered in favor of the plaintiff, and upon which judgment was entered in plaintiff's favor for $300. Motion for a new trial was overruled, and defendant appealed.

Appellant excepted to the court's charge as a whole, and to practically every special issue as submitted, and presented a number of special charges, many of which were given and some refused, to which refusal defendant excepted, and in its motion for new trial and in its brief has brought up for review its several exceptions and objections.

The testimony showed that defendant was operating an interurban line of railway between Beaumont and Port Arthur, and that same led through South Park, a suburb of the city of Beaumont. Plaintiff resided at or near South Park, and was engaged in the dairy business. The cows were killed at the public road or street crossing known as Kenneth street crossing.

Appellant levels 10 assignments of error at the judgment, and, as we view the record, all of them are well taken, unless it be Nos. 1, 4, 5, and 6, and this judgment will have to be reversed unless it can be affirmed on the jury's findings in answer to special issues Nos. 7 and 8.

[1] By its first, fourth, and sixth assignments of error, appellant raises the question of pure or unavoidable accident. In its special requested charges, refusal of which by the court is made the basis of the above assignments, appellant defines "pure accident" in the exact language that Words and Phrases, Second Series, vol. 4, p. 1040, defines "unavoidable accident." Now, for the killing of the cows to have been an unavoidable accident, it must have occurred without the negligence of either party. G., H. & S. A. Ry. Co. v. Gormley 35 S. W. 488. The court, in his charge, defined "negligence," and instructed the jury that, in determining the issues submitted, the burden of proof was on plaintiff to establish the negligence of defendant. The jury found on every issue of negligence that the defendant was guilty, and that its negligence was the proximate cause of the death of the cows. This rendered the special charges, as to accident, immaterial. The requirement of proof of negligence on the part of appellant and the finding by the jury that it was guilty of negligence, and that same was the proximate cause of the injury, eliminates the question of unavoidable accident, and it was not error to refuse to give the instructions. Flanagan v. Chicago City Ry. Co., 243 Ill. 456, 90 N. E. 688.

[2] Special issues Nos. 7 and 8, referred to above, and the jury's answers thereto, are as follows: Special issue No. 7:

"At what rate of speed was the car in question traveling as it approached the crossing in question? Answer: 25 miles."

Special issue No. 8.:

"Was the motorman guilty of negligence in driving the car at the rate of speed that you have just answered, under the circumstances? Answer: Yes."

Appellant objected to issue No. 8 as follows:

"That if the jury should answer that the defendant was guilty of negligence in driving the car at the rate of speed that it was driving, still it does not answer whether or not such negligence, if any, was the proximate cause of the death of said cows."

Appellant also requested the following special charge, which was given by the court, to wit:

"Gentlemen of the jury, if you have answered issue No. 8 of the court's charge 'Yes,' and only in that event, then you will answer this issue: Was such negligence, if any, the proximate cause, of the death of said cows? Answer 'No' or 'Yes' as you find the facts to be. In answering this issue, you will refer to defendant's requested special charge No. 2, and be guided thereby"

—to which the jury answered "Yes."

The court, in his charge, properly defined negligence, and the special requested charge by defendant No. 2, and which was given by the court, defined "proximate cause" as follows:

"Gentlemen of the jury, you are instructed that by proximate cause of the legal signification means a cause without which the injury would not have happened, and which in a natural and continuous sequence produces an injury and, in order to warrant a finding that negligence is the proximate cause of an injury, it must appear from the evidence that the injury was the natural and probable consequence of the negligence, if any, and should have been foreseen as a result likely to occur, in the light of the attending circumstances. Now, where the term 'proximate cause' is used, you will be guided by the foregoing instruction."

Thus it will be seen that, the court giving the special charge No. 2 (defining proximate cause), appellant's objection to special issue No. 8 was eliminated, and that there are no other objections to same, unless appellant's special requested charge No. 12 (and which constitutes appellant's fifth assignment of error) is well taken.

[3] Special requested charge No. 12 is:

"Gentlemen of the jury, you are instructed that if you believe from the evidence that the motorman on the car in question was operating said car at a rate of speed that an ordinarily prudent person under all the surrounding circumstances and evidence would have operated same, then you will answer special issue No. 8 'No.'"

The court having in his main charge defined negligence, and having also given appellant's special requested charge No. 2, defining proximate cause, we take it that both of said definitions would have to be read into and considered with the court's special issue No. 8 above, and that when so considered they sufficiently submitted the issue, and that there was no error in refusing appellant's special charge No. 12, and that, if error, it was harmless in view of the jury's findings.

[4, 5] This brings us to consider the effect of the jury's findings on said special issues 7 and 8. They found that the car was being operated at the rate of 25 miles per hour, and that it was negligence for the operator to run said car at said rate under the circumstances, and that said negligence was the proximate cause of the death of the cows. The evidence shows that the collision took place at a graded public street crossing on the edge of the city of Beaumont; that there were numerous houses near by, some near the track where the collision occurred; that people generally used said crossing for traveling in vehicles and otherwise; that a good many cattle

ranged about the premises constantly; that the track was straight for a considerable distance in the direction from which the car was coming; that there were some 25 or 30 head of cattle near to and about the crossing, and crossing over the track at the time in question, and that the car knocked the two cows in question some 30 or 40 feet when it struck them. Under the charge of the court and the special charge requested by defendant, the jury were required to take all the circumstances into consideration, as well as the rate of speed the car was going at the time of the collision, in determining whether it was negligence to operate the car at the rate of speed it was being operated, and whether said negligence was the proximate cause of the death of the cows. The jury, as above stated, found that it was negligence, under all the circumstances, to operate the car at the rate of 25 miles per hour, and that same was the proximate cause of the injury. We think the evidence warranted the finding of the jury. If the car had been traveling at a reasonable and proper speed, as it approached the crossing, the motorman in charge could have placed it under control, and have avoided the collision, and, the evidence showing that the cattle were at the time in the act of crossing the track, if the car had been traveling at a more reasonable rate of speed, the cows could and doubtless would have safely crossed over. This issue of negligence is independent of and separate from, and a distinct ground of negligence found by the jury from, the other issues and findings of negligence excepted to, and assigned as error by appellant. It is in no way dependent upon, nor a part of, nor in conflict with, any other act of negligence found by the jury, an assignment of which has been sustained, but is a separate ground, set forth in the special issue above copied, and found in favor of appellee by the jury. C. C. Slaughter Cattle Co. v. Pastrana, 217 S. W. 749; I. & G. N. Ry. Co. v. Berthéa, 179 S. W. 1090. Said finding is sufficient upon which to base judgment, and, believing that the court did not err in rendering judgment upon same, the judgment is therefore affirmed.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes