(August 14, 1923.)

WESLEY CARPENTER, Administrator of the Estate of WESLEY K. CARPENTER, Deceased, Appellant, v. JAMES McKISSICK, Respondent.

[217 Pac. 1025.]

AUTOMOBILE—PEDESTRIAN—NEGLIGENCE—INJURY—INSTRUCTIONS—DUTY OF DRIVER TO GIVE WARNING—QUESTION FOR JURY.

1. The driver of an automobile on a public highway is required to exercise reasonable care to avoid injuring a pedestrian who may be using such highway, and such pedestrian is required to exercise reasonable care to prevent a collision with such automobile and to avoid injury to himself.

2. C. S., sec. 1613, in force at the time of the accident involved in this case, does not make it the absolute duty of the driver of an automobile to sound a horn or ring a bell or give any other warning of its approach to a pedestrian on such highway, but if the situation is such that a reasonably prudent person would give such warning, then it would be the duty of such driver to give it. In such a case, the question of negligence is one for the jury.

3. Error cannot be predicated upon the refusal of the trial court to give a requested instruction unless such instruction correctly states the law.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Wallace N. Scales, Judge.

Action by administrator to recover damages for the killing of his intestate by defendant's automobile. Judgment for defendant. *Affirmed.*

Tannahill & Leeper, for Appellant.

It is not proper for the court to give abstract rules of law, leaving it to the jury to speculate as to application thereof

Publisher's Note.

1. Reciprocal duty of operator of automobile and pedestrian to use care, see notes in 4 Ann. Cas. 400; 8 Ann. Cas. 1092; Ann. Cas. 1916E, 661; 38 L. R. A., N. S., 487; 42 L. R. A., N. S., 1178; 51 L. R. A., N. S., 990.

to the facts. (*Cuerth v. Arbogast,* 48 Mont. 200, Ann. Cas. 1915D, 1102, 136 Pac. 387, 49 L. R. A., N. S., 711; *Smith v. Cannady,* 45 Utah, 521, 147 Pac. 210; 14 R. C. L. 782; 20 R. C. L. 172.)

The court in its instructions failed to instruct upon the entire law of the case, in that it ignored the doctrine of last clear chance.

The court had no right to disregard this essential feature of the law of negligence, and the court must instruct upon all material elements thereof. (*Deasey v. Thurman,* 1 Ida. 775; *Johnson v. Fraser,* 2 Ida. 404, 18 Pac. 48; 38 Cyc. 1627, par. C; *Tooker v. Perkins,* 86 Wash. 567, 150 Pac. 1138; *Rate v. American Smelting & Refining Co.,* 56 Mont. 277, 184 Pac. 478; *Waterman v. Visalia Electric Co.,* 23 Cal. App. 350, 137 Pac. 1096; *Quackenbush v. Los Angeles Ry. Corp.,* 28 Cal. App. 173, 151 Pac. 755.)

It was the duty of the court to instruct the jury as to the duties of a driver, as it was a theory of the plaintiff that the defendant was responsible regardless of any negligence of the deceased, in view of the fact that the defendant had the opportunity of avoiding the injury. (*Raymond v. Hill,* 168 Cal. 473, 143 Pac. 743; *Woodhead v. Wilkenson,* 181 Cal. 599, 185 Pac. 851, 10 A. L. R. 291; *Randolph v. Hunt,* 41 Cal. App. 739, 183 Pac. 362; *Hunt v. Van,* 61 Mont. 395, 202 Pac. 573.)

Contributory negligence is generally a question of mixed law and fact, and in such cases it is the duty of the court to tell the jury what facts, if proved, will constitute contributory negligence. (*Bamberger v. Citizens' Street Ry. Co.,* 95 Tenn. 18, 49 Am. St. 909, 315 S. W. 163, 28 L. R. A. 486; *McIntyre v. Orner,* 166 Ind. 57, 117 Am. St. 359, 8 Ann. Cas. 1087, 76 N. E. 750, L. R. A., N. S., 1130.)

Eugene A. Cox and Clay McNamee, for Respondent, cite no authorities.

STEELE, District Judge.—This case arises out of the fact that a pedestrian on a paved country highway, known as

the Lewiston Orchards Highway, was struck by a car driven by the defendant. The administrator of deceased's estate brings this action, for the benefit of seven adult heirs, for money expended for medical attendance and for damages for the loss of the society of decedent. A verdict was rendered by the jury in favor of the defendant, and the plaintiff appeals.

The first specification of error is that the evidence is insufficient to support the verdict. There is very little controversy about the facts. It appears that a paved highway, sixteen feet wide, runs through the Lewiston Orchards, of which eight feet in the center is bitulithic and four feet on each side is macadam. At the point where the accident occurred, the highway runs in a southeasterly direction. The deceased, Wesley K. Carpenter, was walking along the left-hand side of this highway, and the defendant was driving a Velie car, going in the same direction. Some distance in front of the car driven by McKissick a Ford car, driven by one Dan Taylor, a son-in-law of the deceased, was also traveling southeasterly. When Taylor reached a point opposite to where the deceased was walking on the highway, he stopped his car and called to the deceased to come over. The deceased started across the highway, and had reached a point on the pavement about six feet from the northeastern edge thereof when Taylor called his attention to the approach of the car driven by McKissick. McKissick was traveling, according to practically all of the testimony, at a moderate rate of speed, somewhere between fifteen and twenty miles per hour. He saw the deceased start across the highway. He then turned his car to the left side of the highway, so as to pass the pedestrian. All of the evidence shows that had the pedestrian proceeded in the way he was traveling, and had McKissick proceeded in the direction in which he had turned his car, he would have missed striking the deceased from ten to twenty feet. However, when Taylor called the attention of the deceased to the approaching car, which was then only about twenty-five feet away, the decedent turned and started back the way he had come, and fell im-

mediately in front of McKissick's car before being struck by the car, which then ran over the deceased, inflicting injuries from which he later died. One witness, Dan Taylor, deceased's son-in-law, testified that McKissick's car was going at about thirty miles per hour. The witness Taylor was shown to have made statements out of court different from his statements upon the witness-stand, with reference to the speed of the car. Two of the witnesses swear that he told them that the accident could not have been avoided by McKissick, and that McKissick was traveling at from fifteen to twenty miles per hour.

The driver of an automobile is bound by the law to use a degree of caution, in passing over a highway, commensurate with the power of the machine he is driving and the circumstances surrounding him. Pedestrians have a right to use a highway, and one driving an automobile should use such care in passing pedestrians as a reasonably prudent person would use under all the circumstances. The court concludes that under the facts shown, the evidence is sufficient to support the verdict.

The next specification of error is that the instructions given state abstract rules of law and are not applicable to the evidence. We have examined the instructions and find them to be correct as general statements of the law. The fact that they are general and abstract in nature is not, of itself reversible error in the absence of a request by appellant for a correct specific instruction.

The next specification of error is that the court erred in refusing to give certain specific instructions requested by appellant. Appellant's requested instruction No. 3 was to the effect that respondent was on the wrong side of the road because he was traveling on the left side. This instruction was properly refused for the reason that respondent necessarily had to travel on the left side of the road in order to pass Taylor's automobile, which was parked on the right. Under these circumstances, he had a right to go to the left.

Appellant's requested instruction No. 4 deals with the question of the degree of diligence required of one placed in

sudden peril.   We conclude that it is adequately covered by the instructions given.

Appellant's requested instruction No. 6 deals with the facts in evidence which the jury should consider in arriving at their verdict.   It would have been a proper instruction, but we conclude that it is fairly covered by the instructions given, and failure to give it is not reversible error.

The gravest question in the case is whether or not the court erred in refusing to give appellant's requested instruction No 7.   Parts of it are proper.   It is elementary, however, that if a requested instruction contain anything improper, the action of the trial court in refusing the entire instruction is not error.   The instruction in question contains the following language:

"The driver is also required to give notice and warning of his approach by the sounding of a horn or the ringing of a bell or some other device sufficient to warn the pedestrian of his approach."

The collision which resulted in the death of deceased occurred in April, 1919.   The only provision of law requiring the driver of an automobile to sound his horn in force at that time was C. S., sec. 1613, which makes it his duty to do so when approaching a cross-road, intersecting highway or street, or curve or corner.   The requested instruction went much further than this statute.   In the absence of a statute, it would have been error for the court to instruct, as requested, that it was the absolute duty of respondent to sound his horn when approaching the deceased.   It was a question for the jury, whether or not due diligence required that respondent do so.   For the reasons given, it was not error to refuse the requested instruction.

The judgment is affirmed, with costs to respondent.

McCarthy, Dunn, William A. Lee and Wm. E. Lee, JJ., concur.