(No. 15399.—Judgment affirmed.)
CARSON, PIRIE, SCOTT & Co. Appellant, *vs.* THE CHICAGO
RAILWAYS COMPANY *et al.* Appellees.

*Opinion filed October 20, 1923.*

1. CONSTITUTIONAL LAW—*the Compensation act of 1919 has not been held invalid.* The Compensation act of 1919 was not held invalid in the case of *Otis Elevator Co.* v. *Industrial Com.* 302 Ill. 90, but the only effect of that decision was to hold that the legislature was without power, in the act of 1921, to provide that the finding of the Industrial Commission (an administrative body) should not be set aside by the courts unless manifestly against the weight of the evidence, and to further hold that such invalid provision did not render the remaining portions of the act invalid.

2. SAME—*a defendant cannot complain of a statutory provision limiting his liability.* Where but for the Compensation act a defendant would be liable in damages to the widow of a workman killed through the defendant's negligence in the full amount authorized by the Injuries act, such defendant cannot complain of a provision of the Compensation act limiting the defendant's liability to a less amount and transferring the cause of action to the workman's employer.

3. NEGLIGENCE—*what is meant by term "unavoidable accident."* An accident, as connected with the conduct of persons, means an unforeseen event for which someone may or may not be liable, but the term "unavoidable accident" necessarily includes the element that the accident be one occurring without negligence.

4. SAME—*when instruction as to accident being unavoidable is not improper.* An instruction to the effect that the jury must find in favor of the defendant street railway companies if they believe from all the evidence and under the instructions of the court that so far as such defendants are concerned the accident to the deceased was unavoidable does not state an incorrect rule of law, and it is not error to give it where, under the evidence in the case, the instruction is not misleading.

5. INSTRUCTIONS—*rule as to giving repetitions of instructions.* While it is not error to refuse instructions practically repeating a proposition stated in an instruction already given, neither is it error to give instructions which repeat the same proposition viewed from different aspects, where there is nothing incorrect in them and it cannot be said that they give undue prominence to the matter to which they relate.

6. SAME—*function of instructions is to apply the law to the facts of the case.*  The only proper use of instructions is to apply rules of law to the facts of the case, and the refusal of an instruction which contains a mere abstract proposition of law is not error.

APPEAL from the Circuit Court of Cook county; the Hon. F. J. STRANSKY, Judge, presiding.

MOSES, ROSENTHAL & KENNEDY, (HIRSCH E. SOBLE, and MILLARD C. EISEMAN, of counsel,) for appellant.

CHARLES LEROY BROWN, (JOHN R. GUILLIAMS, FRANKLIN B. HUSSEY, and FRANK L. KRIETE, of counsel,) for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Charles E. Martin, while driving a horse-drawn truck as an employee of the appellant, Carson, Pirie, Scott & Co., was killed on October 15, 1919, as the result of a collision of the truck with a street car of the appellees. Catharine Martin, his widow, was awarded by the Industrial Commission $3418.35 as compensation for his death, as provided by the Workmen's Compensation act of 1919. This suit was brought in the circuit court of Cook county by the appellant under section 29 of that act to recover the amount awarded, upon the ground that the death of Martin was caused by negligence of the appellees. Upon the trial there was a verdict for appellees and judgment was entered on the verdict, from which appellant appealed to the Appellate Court for the First District, and assigned errors in that court on rulings in the course of the trial and because the judgment was alleged to be contrary to the weight of the evidence. Before entering upon the trial the appellees insisted to the court that the action could not be maintained because the Workmen's Compensation act of 1919 was unconstitutional, being in violation of the fourteenth amendment of the constitution of the United States, a similar

provision of section 2 of article 11 of the constitution of this State, and other constitutional provisions. The court held the act constitutional, and in the Appellate Court the appellees assigned cross-errors on that ruling. The Appellate Court thereupon transferred the cause to this court.

Counsel understand that it was decided in *Otis Elevator Co.* v. *Industrial Com.* 302 Ill. 90, that the Workmen's Compensation act of 1919 was unconstitutional and void because of the provisions that the decision of the Industrial Commission, in the absence of fraud, should be conclusive unless reviewed as therein provided, and that the circuit court should by writ of *certiorari* have power to review questions of law presented by the record. Upon looking at the opinion in that case it will be observed that the question whether a statute making findings of fact by an administrative body creating a liability under a law enacted by virtue of the police power conclusive and not subject to judicial review was not involved, considered or decided. The Workmen's Compensation act of 1921 provided that the circuit court should by writ of *certiorari* have power to review all questions of law and fact presented by the record, but findings of fact made by the commission should not be set aside unless contrary to the manifest weight of the evidence. The decision was that the legislative department had no power to prescribe a rule governing judicial action; that on submission to a judicial tribunal, due process of law requires independent judgment both as to the law and the facts, according to settled rules governing judicial action; that the legislature could not direct the courts what rule should govern their decisions, and that the limitation was an attempted usurpation of judicial power. All that was held was that the limitation attempted to be imposed upon the exercise of the judicial power of review given by the act was void and not that other provisions of the act were void, and the cause was remanded with directions to review all questions of law and fact presented by the record. The

statute was regarded as valid without the void limitation, but if it had been otherwise and the necessary effect of the decision had been that the act of 1919 was unconstitutional and void, it would have availed nothing to the defendants in this case, because the widow of Charles E. Martin had a right of action, under the law, for his death occasioned by negligence of the defendants while he was in the exercise of due care, and that right of action was transferred to the appellant as employer.   The only relation that the Workmen's Compensation act had to the cause of action was the right of the plaintiff to bring the suit, with a limitation of the amount of the recovery.   But for the Compensation act the right of action would have been for the recovery of all damages within the statutory limitation, and the Compensation act merely imposed a limitation to the advantage of the defendants, and of the validity of that limitation they could not complain.   The court did not err in ruling on the objection.

Roosevelt road (formerly Twelfth street) runs east and west in the city of Chicago.   On October 15, 1919, Charles E. Martin was driving a team of appellant drawing a truck west on that street with a light load.   There is a bridge over the Chicago river about 220 feet long, and near the west end of the bridge Lumber street connects with and extends from Roosevelt road in a southeasterly direction toward the river.   The truck was a five-ton open-stake truck, on which there was a single seat for the driver about eight and one-half feet from the ground, with a foot-board lower than the seat, for his use.   It was shortly after five o'clock in the afternoon of a clear day and there was no obstruction to the view of either Martin or a motorman operating a street car.   Martin drove across the bridge and upon the road in the north or west-bound street car track. When he reached Lumber stret he turned south across the east-bound street car track.   A street car heavily loaded with passengers was approaching from the west on that

track and the truck did not get entirely across until it was reached by the street car. The car struck the right hind wheel of the truck with sufficient force so that Martin was thrown to the ground from his seat and killed.

The issues submitted to the jury were whether Martin was in the exercise of ordinary care for his own safety, and whether the motorman was guilty of negligence causing the collision and consequent injury. On the disputed question there was a considerable number of eye-witnesses of the accident who appear to have been intelligent and disinterested and who had good opportunities for observing the accident and the conduct of Martin and the motorman. The testimony of the witnesses for the plaintiff was to the effect that when Martin turned south across the street car track the street car was coming toward him from twelve to fifteen miles an hour; that the motorman had disregarded the stop required under the city ordinance about 100 feet west of the west end of the bridge, or about 60 feet west of the west side of Lumber street; that the speed was not slackened and that the car ran some distance after the collision. The witnesses for the defendants testified that the street car made the regular 100-foot stop; that it started up and was going six or seven miles an hour; that the car was near the team when Martin turned across the track in front of it and was coming down-grade; that the horses had suddenly turned across the tracks, and the motorman rang his gong, threw off the power and applied the air-brake and sand; that the contact with the truck was light and nothing was broken, and that the car stopped almost immediately. The jury accepted the version of the occurrence given by the witnesses for the defendants, and their conclusion was approved by the trial court. There is nothing from which the court can say that the witnesses were not equally entitled to credit, and reading their testimony in the abstract, together with the very fair analysis by counsel for each party, it appears that the verdict was not against

the weight of the evidence but rather in accordance with it. The judgment, therefore, cannot be reversed because contrary to the weight of the evidence.

It is assigned for error, however, that the court erred in instructing the jury, and the argument is that the prejudicial nature of the instructions requires a reversal. Eleven instructions given at the instance of the defendants are alleged to be incorrect for various reasons, and the objections will all be disposed of, although it is not practicable to follow the argument as to each.

The instruction to which the principal objection is made, given at the instance of the defendants, is numbered 12, and is as follows:

"It is not every accident which makes a street railway company liable for damages for a personal injury. If the accident is unavoidable so far as the street railway company is concerned, then no liability is incurred by it, whether as a result of it a person is slightly or seriously injured, and if in this case the jury believe from all the evidence and under the instructions of the court, that so far as the defendants are concerned, the injury to the deceased was unavoidable, then the jury should find the defendants not guilty."

Counsel say that this instruction was absolutely improper, because witnesses for the plaintiff testified that the car did not make the 100-foot stop and before the accident was going at an excessive speed, and it was immaterial that at the time of the accident a collision could not have been avoided. They interpret the instruction as requiring a verdict for the defendants if the accident was unavoidable at the instant of its occurrence, regardless of negligence leading to it. The term "accident" is used with different meanings, including unforeseen events occurring without human agency, but as connected with the conduct of persons it means an unforeseen event for which someone may or may not be responsible. The term necessarily implies

that the event is unforeseen, and if it was unavoidable the instruction included the element which it is insisted was lacking, since the motorman was only required to look out for accidents which might reasonably be foreseen. It was given the meaning of an accident occurring without negligence in *Flanagan* v. *Chicago City Railway Co.* 243 Ill. 456, where it was said that an unavoidable accident is necessarily one occurring not because of negligence. The instruction cannot be said to state an incorrect proposition of law though as here stated it might in some cases be misleading, but under the evidence in this case the judgment should not be reversed for giving it.

There were five instructions given stating the rule of law that required Martin to exercise ordinary care for his own safety and advising the jury that the plaintiff could not recover if Martin failed to exercise such care. The instructions correctly stated the law, and the objection made is that there was needless repetition, bringing the question of the exercise of care by Martin too prominently before the jury. That was one of the material issues in the case, and while needless repetition may give undue prominence to some matter to which the instructions relate, these instructions presented different aspects of the question. The elaboration of the rule in different instructions did not add anything material to the defense, but as there was nothing incorrect in them they are not ground for reversal.

A further objection to the instructions requiring the exercise of ordinary care by Martin is, that they disregarded the question whether or not if Martin was negligent, which negligence contributed to the accident, the motorman could by the exercise of due care have avoided it. It is the settled rule of law of this State that one complaining of negligence merely where there is no willful act or willful and intentional neglect of duty causing an injury, cannot recover if he was guilty of negligence contributing to the injury complained of. (*West Chicago Street Railroad Co.* v. *Li-*

*derman,* 187 Ill. 463; *Chicago, Wilmington and Vermilion Coal Co.* v. *Moran,* 210 id. 9; *Krieger* v. *Aurora, Elgin and Chicago Railroad Co.* 242 id. 544.)  Reference to such cases as *Swanson* v. *Chicago City Railway Co.* 242 Ill. 388, where there was an injury to a boy less than nine years of age who was with his playmates in the street, and not being chargeable with the exercise of care the conductor paid no attention to the boys, furnishes no guide for a case of this kind.

Other criticisms and objections to instructions are of minor importance and do not call for an extended comment. There was no prejudicial error in any instruction given.

The court refused instruction 34 tendered by the plaintiff, which was an abstract statement of the doctrine of proximate cause.  The only proper use of instructions is to apply rules of law to the facts of the case.  The refusal of such an instruction containing a mere abstract proposition of law is not error.  *Ryan* v. *Donnelly,* 71 Ill. 100.

The court refused instruction 32, as follows:

"The court instructs you that it is the duty of the defendant companies' servants in operating their cars upon the public streets to be on the lookout and to take reasonable measures to avoid injuries to persons in the street."

The law was stated in instruction 2 given at the instance of the plaintiff and applied to both parties.  It stated that neither the defendants nor Martin had a superior right over the other, and each would be obliged, in so far as the undertaking in which each was engaged and the car or vehicle each was using would reasonably permit, to take reasonable precaution to avoid collision with each other.  It was not error to refuse to state the rule of law again.

All the questions raised which are of any importance have been considered and the record contains no error prejudicial to the plaintiff.

The judgment is affirmed.  *Judgment affirmed.*