(July 3, 1925.)

W. H. RUDOLPH, Who Sues by His Guardian ad Litem, F. M. RHODES, Respondent, v. J. P. WANNAMAKER and MRS. J. P. WANNAMAKER, Husband and Wife, Appellants.

[238 Pac. 296.]

HIGHWAYS — LAWS OF THE ROAD — ACTION FOR INJURIES — INSTRUCTIONS—CONSTRUCTION AND OPERATION.

1. A requested instruction that negligence on part of defendants is not to be inferred from mere fact that an accident occurred is substantially covered by instruction that burden of proof is upon plaintiff to show that his injuries were the result of defendants' negligence.

2. The refusal to give an instruction substantially covered by a correct given instruction which could be more specific, considered in connection with the evidence and *held* not reversible error.

3. The refusal to give a requested instruction, part of which is inapplicable to the evidence, is not error.

4. Instruction construed in connection with the evidence, and *held* that same defined "proximate cause" with that degree of substantial certainty required by the evidence.

5. The giving of an instruction quoting law as to right of way of motor vehicles at highway intersection is not reversible error on the ground of being outside the issues made in the complaint, where evidence as to vehicle having the right of way was brought out on cross-examination by party objecting to the instruction.

6. In an action for damages for personal injuries suffered in motor vehicle collision, the giving of an instruction quoting, among other portions of the laws of the road, that paragraph requiring operator of motor vehicle about to turn to give signal visible to operators of vehicles in the rear is not reversible error as an instruction on matters outside pleadings, where the jury's considera-

tion is confined to violation of the statute in the particular alleged by respondent, and no prejudice is likely to have resulted, and objecting party sought to show on direct and cross-examination that such signal was given.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action for recovery of damages for personal injuries. Judgment for plaintiff. *Affirmed.*

Peterson & Coffin, for Appellants.

Where instructions are asked by either party to a suit, which correctly state the law on the issues presented and the evidence, it is error to exclude them, and it is error to refuse to give them unless the points are fairly covered by other instructions given by the court on its own motion. (*Strubble v. Village of DeWitt,* 81 Neb. 504, 116 N. W. 154.)

It is not sufficient to justify a refusal to give a requested instruction that the matters therein set forth are inferentially given in the main charge of the court. (*Boatright v. Portland R., L. & P. Co.,* 68 Or. 26, 135 Pac. 771; Randall's Instructions to Juries, sec. 501.)

An instruction of the court which submits to the jury matters outside of the issues made by the pleadings constitutes error and calls for a reversal of the judgment as having been calculated to mislead the jury. (*Smith v. Graham,* 30 Ida. 132, 164 Pac. 354; *Keena v. American Box Toe Co.,* 144 Wis. 231, 128 N. W. 858; *Plummer v. Boston Elevated Ry. Co.,* 198 Mass. 499, 84 N. E 849; Randall's Instructions to Juries, sec. 125.)

Anderson & Jeffery, for Respondents.

One turning a street corner with an automobile is negligent in failing to keep to the right of the center as required by statute. (*Stubbs v. Molberget,* 108 Wash. 89, 182 Pac. 936, 6 A. L. R. 318; *White v. East Side Mill Co.,* 84 Or. 224, 161 Pac. 969, 164 Pac. 736. See numerous cases

cited in note, 6 A. L. R. 321; *Cook v. Miller*, 175 Cal. 497, 166 Pac. 316.)

It is not the duty of one approaching an intersection to anticipate that the driver of an automobile approaching the . intersection will, in turning to the left, fail to go to the right of the center of the intersection. (*Reitz v. Hodgkins*, 85 Ind. 163, 112 N. E. 386; *Heryford v. Spitaufsky* (Mo. App.), 200 S. W. 123; 2 R. C. L. 1185.)

It is not error to refuse to give a requested instruction when the proposition of law contained therein is sufficiently covered by other instructions given by the court. (*Schmidt v. Williams*, 34 Ida. 723, 203 Pac. 1075.)

Errors in instructions will not be cause for reversal where interests of complaining party have not been prejudiced thereby. (*Lufkins v. Collins*, 2 Ida. 256, 10 Pac. 300.)

Where the instructions taken as a whole fairly submit the case to the jury, the verdict will not be disturbed on account of mere inaccuracies in some of the instructions. (*Lufkins v. Collins, supra; Hopkins v. Utah Northern Ry. Co.*, 2 Ida. 300, 13 Pac. 343.)

Instructions must be considered together and as a whole and when so construed, if they fully and fairly state the law applicable to the evidence, there is no error in giving them, though detached sentences or separate charges, considered alone, might be erroneous. (*Barrow v. B. R. Lewis Lumber Co.*, 14 Ida. 698, 95 Pac. 682; *Brayman v. Russell & Pugh L. Co.*, 31 Ida. 140, 169 Pac. 932; *Ramon v. Interstate Utilities Co.*, 31 Ida. 117, 170 Pac. 88; *Raide v. Dollar*, 34 Ida. 682, 203 Pac. 469.)

Where an instruction is given which has no application to the case, and no prejudice likely to result therefrom, it is not reversible error. (*In re Clark's Estate*, 180 Cal. 395, 181 Pac. 639; *Stinson v. Rourke*, 4 Ida. 765, 46 Pac. 445; *Hough v. Grants Pass Power Co.*, 41 Or. 531, 69 Pac. 655; *Miami Quarry Co. v. Seaborg Packing Co.*, 103 Or. 362, 204 Pac. 492; *Bennington v. Northern Pac. Ry. Co.*, 113 Wash. 1,

192 Pac. 1073; *Sinclair v. Pioneer Truck Co.,* 51 Cal. App. 174, 196 Pac. 281.)

BUDGE, J.—This appeal is from a judgment in favor of respondent and against appellants rendered in an action for the recovery of damages for personal injuries sustained by the respondent as a result of a collision between an automobile driven by appellant Mrs. Wannamaker and a motorcycle on which respondent was riding.

Appellants assign and rely upon five assignments of error. Assignments of error Nos. 1, 2, 3 and 4 are predicated upon the action of the trial court in refusing to give to the jury certain instructions requested by appellants. Assignment No. 5 is directed against the giving by the court of its instruction No. 5. They will be considered and disposed of in the order assigned.

It is first insisted that the trial court erred in refusing to give appellants' requested instruction No. 1, as follows:

"The court charges you that the plaintiff is not entitled to recover merely because the accident occurred, or merely because he has commenced an action against the defendants, and no negligence on the part of the defendants may be inferred from the mere circumstances of the accident having occurred or the suit having been brought."

No doubt the foregoing instruction is a correct statement of the law, but we believe it was substantially given by the court in its instruction No. 5 to the effect that the burden of proof rested upon respondent to show that his injuries were the result of appellants' negligence. (*Larrow v. Martell,* 92 Vt. 435, 104 Atl. 826.)

It is next insisted that the court erred in refusing to give appellants' requested instruction No. 2, to the effect that respondent, in order to recover, must show more than a mere possibility of negligence on the part of appellants. The requested instruction is substantially covered by the court's instruction No. 5, wherein the court instructs the jury that the burden of proof rested upon respondent to establish by a preponderance of the evidence the particular act or acts of

negligence upon which recovery was sought, and that such negligence was the proximate cause of the injury complained of. And in this connection it might be observed that while. the trial court's instructions upon the question of burden of proving negligence might have been more specific, we are convinced that the jury was not misled, nor reached a wrong conclusion by reason of the failure of the court to accept *in toto* appellants' instruction No. 2. Further, we are of the opinion that the record would justify the trial court's refusal to adopt that portion of appellants' instruction No. 2 which embodies a caution to the jury that their verdict must not be based upon speculation, guess or conjecture, as the evidence on both sides is clear and explicit and the facts are not such that there was reason to apprehend that the jury would resort to either speculation, guess or conjecture in arriving at a verdict. (*Carpenter v. McKissick*, 37 Ida. 729, 217 Pac. 1025.)

Assignments of error Nos. 3 and 4 are based upon the action of the court in refusing to give instructions Nos. 3 and 4 offered by appellants upon the matter of proximate cause. The court's instruction No. 5 advised the jury that if appellants were negligent in cutting the corner at the road intersection, and as a result of such negligence their automobile collided with the motorcycle of respondent, injuring respondent, the proximate cause of the injury was the negligent act of appellants, unless such injury was caused by or contributed to by the negligence of respondent, or by his failure to avail himself of the last clear chance. The negligent act is of common occurrence. It was followed by results reasonably to be anticipated under the circumstances and known to the common experience of the jury to be its natural and usual consequences. We do not think that the evidence required an extended instruction upon what, in general, is the meaning of the term "proximate cause" as used in the law of negligence. We think that the court's instruction No. 5 defines proximate cause with that degree of substantial certainty required by the evidence. This disposition of assignments Nos. 3 and 4 renders unnecessary a separate con-

sideration of the last part of appellants' assignment of error No. 5.

Under assignment No. 5 it is first insisted that the court erred in giving that portion of instruction No. 5 quoting subdivision 7 of sec. 1, chap. 249, Sess. Laws 1921, which reads as follows:

"Drivers, when approaching highway intersections, shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point; provided, that street and interurban cars and emergency vehicles shall have the right of way at all times at such highway intersections."

It is contended that the subject matter of the foregoing subdivision of said section was not within the pleadings, and misled or was calculated to mislead the jury into the assumption that some issue of negligence based upon that particular paragraph of the law was presented to them. While it may be admitted that the question as to which of the parties had the right of way was not specifically raised by the respondent's complaint and the appellants' answer thereto, we are not altogether clear that the instruction was not relevant under the allegations of contributory negligence set up in appellants' amended answer and the proof adduced at the trial in support thereof. In any event, appellants on cross-examination brought out evidence upon the question of which of the parties had the right of way. In view of this situation, we are not disposed to hold that the giving of instruction No. 5 was prejudicial error in the respect complained of.

It is further insisted that the court committed reversible error in reading to the jury subdivision 9 of sec. 1, *supra,* which is as follows: "The driver of any vehicle, about to turn, either from a standstill or while in motion, or about to stop, shall give timely signal visible to operators of other vehicles to the rear, of his intention to turn or stop, or change his course. Such signal shall be given either by the use of the hand and arm, or by the use of an improved mechanical or electrical device," for the reason that such subdivision 9 covers matters and things

which were not within the issues and misled, or was calculated to mislead the jury into the assumption that some issue of negligence justifying a verdict against appellants might be found in their failure to observe that portion of the law. This subdivision provides for the giving of timely signals visible to operators of other vehicles to the rear. Respondent was not at any time to the rear of appellants' automobile, but, on the contrary, was approaching it from in front. The quoting of this paragraph was not intended as an instruction that the signals must be visible to respondent. The remainder of the instruction confined the jury to consideration of that particular violation of the law relied upon by respondent as the basis for his recovery. Appellants invited an instruction in the form given by seeking to show, both upon direct and cross-examination, that the appellant driving the car did signal by holding out her hand. It is apparent that that portion of the law quoted did cover matters and things not within the issues, but it was invited by appellants, and it is clear that the jury was not misled thereby. The general rule would seem to be that the giving of an instruction inapplicable to the case, but from which no prejudice is likely to result, is not reversible error. (*Stinson v. Rourke*, 4 Ida. 765, 46 Pac. 445; *Miami Quarry Co. v. Seaborg Packing Co.*, 103 Or. 362, 204 Pac. 492; *Bennington v. Northern Pac. Ry.*, 113 Wash. 1, 192 Pac. 1073.)

From our examination of the instructions given by the court, considered as a whole, and the instructions offered by the appellants and refused, but sufficiently covered by those given, no substantial prejudicial error appears such as would require a reversal of the judgment.

The judgment of the district court is accordingly affirmed, with costs to the respondent.

William A. Lee, C. J., Wm. E. Lee, Givens and Taylor, JJ., concur.